# FRATERNAL LIFE AND ACCIDENT ASSOCIATION
## *v.* EVANS *et al.,* administrators.

1. The Civil Code, § 2471, provides that all life and fire-insurance policies issued upon the life and property of persons within this State, referring to the application for insurance, or the constitution, by-laws, or other rules of the company, shall contain or have attached a copy of the same in order to authorize the introduction thereof in evidence as part of the policy or as an independent contract. The Civil Code, § 2869, provides that fraternal beneficiary orders or associations shall be governed by the provisions of the code relating to such orders or associations, and shall be exempt from the provisions of the insurance laws of this State. The former section (2471) declares what shall constitute the policy of insurance, and is a distinct provision of the law of life and fire insurance, and the latter section has the effect to take from its operation benefit certificates issued by fraternal beneficiary orders or associations as defined in the Civil Code, § 2866. It follows that, where a benefit certificate of a fraternal association refers to the application, constitution, and by-laws of the association as being a part of the contract, in an action on such benefit certificate the application, constitution, and laws of the association are receivable in evidence as part of the contract of insurance.

2. Under an issue of fraud in the procurement of a benefit certificate from a fraternal beneficiary association, where the fraud is alleged to consist in the applicant's false statements, wilfully and intentionally made in the application, inducing the issuance of the certificate, the application is admissible in evidence independently of Civil Code § 2869, not as forming a part of the contract, but as tending to show its fraudulent procurement.

JULY 18, 1913.

Action upon insurance policy. Before Judge Rawlings. Jefferson superior court. December 30, 1911.

*John R. L. Smith* and *W. A. Thompson,* for plaintiff in error.

*R. L. Gamble* and *W. L. Phillips,* contra.

EVANS, P. J. The Fraternal Life and Accident Association, formerly known as the Fraternal Relief Association, a corporation of the State of Virginia, issued a benefit certificate to William J. Evans, a member of the association, in the sum of $2,000, payable to S. C. Evans, the member's father, upon satisfactory proof of the death of the member while in good standing upon the books of the association. William J. Evans died, and the beneficiary furnished proof of his death to the association, which refused to pay the amount of the certificate. Thereupon the beneficiary brought suit. The association set up the defense: that the certificate was issued upon the condition that the laws and constitution of the association constituted a part thereof; that by section 18 of the general laws of the association no action shall be maintained nor recovery had for any claim arising under any certificate of membership after a lapse of one year from the date of the member's accident or death, unless proceedings for such recovery shall be commenced within one year from such accident or death, and a delay for a longer period shall be deemed and held a waiver and conclusive evidence against the validity of such claim, and the present action was not commenced within a year from the member's death; that in his application for membership and for the benefit certificate W. J. Evans stated, in response to specific questions, that no member of his family (wife or children) had ever suffered from consumption or chronic cough, and that his wife was healthy, and warranted the statements to be true; that the statements were false, in that at that time his wife was not healthy, but was afflicted with consumption; that by the terms of the application and the certificate the former was the basis of the latter and constituted a part of the contract; that these statements were made to induce the association to accept the applicant as a member and to accept the risk of issuing the certificate, and were material to the contract entered into; and that the nature, character, and extent of the risk were changed by the variations of the facts from the statements; that under the laws of the association, if a member should die after two years and before three years from the date of

his membership the beneficiary's recovery would be limited to eighty per cent. of the certificate; and that as the member died within that period, no greater recovery could be had. By amendment it was averred that the statements of W. J. Evans respecting the health of his wife were made intentionally, falsely and fraudulently, for the purpose of deceiving the association as to the condition of his wife's health, and they did deceive the association; and that by this fraud and deceit he procured the issuance of the benefit certificate. A verdict was returned for the plaintiff, and the court refused a new trial.

1. The defendant offered in evidence its original minute book, containing the record of its proceedings, including its constitution and general laws and the constitution governing all of its lodges; the original application of W. J. Evans for membership; and the testimony of its superintendent and State Counsel, that "We organize lodges throughout the State for the benefit of members of the Odd Fellows, a secret order. We have ritual, pass-word, grip, signs, signals, and paraphernalia. We admit Odd Fellows and no one else. We have what are called Subordinate lodges located in places throughout the country. We have a Supreme lodge or general association." This evidence was repelled by the court on the ground that the evidence was incompetent, because the constitution, by-laws, and rules were not contained in, nor a copy thereof attached to, the benefit certificate sued on. The court predicated his ruling upon the Civil Code, § 2471, which is as follows: "All life and fire-insurance policies issued upon the life and property of persons within this State, whether issued by companies organized under the laws of this State or by foreign companies doing business in this State, which contain any reference to the application for insurance, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain, or have attached to said policy, a correct copy of said application signed by the applicant, and of the by-laws referred to; and unless so attached and accompanying the policy, no such constitution or by-laws shall be received in evidence either as part of the policy or as an independent contract in any controversy between the parties to or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract

between such parties." The contention of the plaintiff in error is that this section of the code does not apply to fraternal beneficiary orders or associations, to which class it belongs, but that such associations are expressly taken from the operation of the insurance laws by virtue of section 2869, which provides: "Such orders or associations shall be governed by this section, and shall be exempt from the provisions of the insurance laws of this State; and no law hereafter passed shall apply to fraternal beneficiary orders or associations unless it is expressly designated therein." One of the objects in offering this evidence was to show that the defendant corporation was a fraternal beneficiary association, and not an insurance company which came within the purview of the Civil Code, § 2471. A fraternal beneficiary association, order, or society is defined by the Civil Code, § 2866, to be "a corporation, society, or voluntary association which has no capital stock, but is formed or organized and carried on for the benefit of its members and their beneficiaries, and having a representative form of government and a lodge system, with ritualistic form of work for the meeting of its lodges, chapters, councils, or other designated subordinate bodies, and the benefits, insurance, charity, or relief shall be payable by a grand or supreme body of the same, excepting sick benefits, which may also be paid by local or subordinate bodies. Such grand or supreme bodies may be composed of its officers, incorporators, representatives elected by local, district, or grand bodies, past officers, and standing committees. Such orders or associations may make a constitution, by-laws, rules, and regulations consistent with the existing laws of the State, for the government of all under its authority, for the management of its properties, and the due and orderly conduct of its affairs." The rejected evidence tended to show that the purpose and form of organization of the defendant corporation was such as to classify it as a fraternal association as thus defined. The act of 1900 (embraced in the Second Title, Chapter 2, Article 9, Section 7, of the Civil Code, including sections 2866 to 2877) declares that such associations may provide for the payment of benefits in case of death, sickness, disability, or old age, and, as we have already indicated, they are by § 2869 expressly exempted from the provisions of the insurance laws of the State. It is the insurance law (Civil Code, § 2471) which requires the policy to contain or have annexed thereto the constitution,

by-laws, and application to the company issuing it. A fraternal association may issue its formal certificate, or the contract may be found in its constitution and by-laws. *Social Benevolent Society* v. *Holmes,* 127 *Ga.* 587 (56 S. E. 775). The provisions of the Civil Code, § 2471, are applicable to mutual co-operative and assessment insurance companies. *Puryear* v. *Farmers Mutual Insurance Association,* 137 *Ga.* 580 (73 S. E. 851). The General Assembly have differentiated fraternal beneficiary associations from co-operative and assessment companies; the latter are classed as insurance companies (Civil Code, §§ 2412, 2450), while the former are exempt from the provisions of the insurance laws (Civil Code, § 2869).

There is a well-defined difference between an insurance company which indemnifies solely against loss, and fraternal beneficiary societies for beneficial and protective purposes. The manifest purpose in the enactment of Civil Code § 2869 was to treat fraternal benefit societies differently from insurance companies. The code provision as to rejecting evidence of the application, constitution, and by-laws, when not contained in a policy of insurance or attached thereto, not being applicable to fraternal associations, the application, constitution, and by-laws were admissible in evidence as a part of the contract, and material misstatements in the application would prevent a recovery (*Supreme Conclave* v. *Wood,* 120 *Ga.* 328, 47 S. E. 940), and a failure to bring suit within a reasonable contractual period would also bar a recovery. *Melson* v. *Phenix Ins. Co.,* 97 *Ga.* 722 (25 S. E. 189).

2. Independently of the provisions of Civil Code § 2869, the application for membership and a benefit certificate were admissible on the issue of fraud. Under such an issue it was competent to show fraud in the procurement of the policy; and if the fraud consisted in making false statements regarding the health of the member's wife in the application, the application would be admissible, not as forming a part of the contract, but as tending to show a fraudulent procurement of the contract. *Johnson* v. *American National Life Insurance Co.,* 134 *Ga.* 800 (68 S. E. 731). While it is true that in the cited case the application was rejected, nevertheless the verdict was for the defendant, and this court did not rule that the application was inadmissible, but the reasoning of the court was that it would have been competent evidence on this issue.      *Judgment reversed. All the Justices concur.*