### 4355. SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE v. BLACKSHEAR.

This case is controlled by the decision of the Supreme Court in *Fraternal Life & Accident Association* v. *Evans,* 140 Ga. 284 (78 S. E. 915). It appears from the record that the plaintiff in error is a fraternal beneficiary association, and, therefore, is exempt from the requirement in section 2471 of the Civil Code of 1910 that the constitution or by-laws of insurance companies doing business in this State shall not be received in evidence as a part of the insurance policy, or as an independent contract, unless embodied in or attached to the policy. The trial judge erred in excluding from evidence the by-law of the plaintiff in error.

DECIDED AUGUST 30, 1913.

Action on insurance policy; from city court of Athens—Judge West. June 24, 1912.

*T. S. Mell,* for plaintiff in error. *Pope & Bennet* filed briefs.

*W. M. Smith, Cobb & Erwin,* contra.

RUSSELL, J. Mrs. Blackshear sued the Supreme Ruling of the Fraternal Mystic Circle on a benefit certificate upon the life of her deceased husband, for $2,000. The defendant pleaded that it was a fraternal beneficiary order as defined in the Civil Code, Title 2, Chapter 2, Article 9, Section 7 (§§ 2866-2877) ; that the deceased came to his death by his own hand; that the certificate provided, as one of its conditions, that each member should comply with "the constitution, laws, rules, and requirements of the Supreme Ruling of the Fraternal Mystic Circle, now in force or as they may be amended or altered," and that the insured had agreed in his application for membership that the constitution and by-laws were a part of the contract as fully as if they were set forth at length therein. One of the by-laws provides that in the event that a member commits suicide within the first twenty years of his membership, whether the act be voluntary or involuntary, conscious or unconscious, or whether the insured be sane or insane at the time, or if the insured die from the effect of any drug administered by himself, then the beneficiaries of such member shall be entitled to only one twentieth of the amount of the death benefit stated in the benefit certificate, for each year of the membership of the insured. It was uncontradicted that the insured himself inflicted the wound which caused his death. The case was tried by the court, sitting without a jury, and judgment was rendered for the plaintiff, for the amount of the certificate. The defendant moved for a new trial upon the general grounds, and also upon the ground that "the court erred in holding that the constitution and laws and by-laws of the defendant were not binding on the plaintiff because they were not attached to the certificate sued on," the defendant insisting that it is a fraternal beneficiary order and, as such, is exempt from the provisions of the law requiring by-laws to be attached to the certificate or policy of insurance. There was sufficient evidence to authorize the court to find that the insured was insane at the time he killed himself; that he was a member of a "Subordinate Ruling" in Macon, Ga.; that the contract was in force at the time of his death; that the age of the insured was

correctly stated in his application, and that the plaintiff was the beneficiary named in the contract. Therefore the only real question presented in the case is whether the court erred in holding that the by-laws of the defendant were not binding upon the insured or the plaintiff because they were not attached to the certificate, and erred in not sustaining, for that reason, the defense predicated upon the by-law, under which the defendant insisted that it was only indebted to the beneficiary in the sum of $341.14, which it had tendered.

The plaintiff in error asks that we review the ruling of this court stated in paragraph 6 of the decision in the case of *Heralds of Liberty* v. *Bowen*, 8 *Ga. App.* 325 (68 S. E. 1008). The same request is made by counsel not employed in the present case, but. having cases involving the same point, who were granted special permission to file briefs. The present case is controlled by the ruling of the Supreme Court in *Fraternal Life & Accident Association* v. *Evans*, 140 *Ga.* 284 (78 S. E. 915), in which it was. held that fraternal beneficiary orders are governed exclusively by the provisions of the Second Title, Article 9, Chapter 2, Section 7 of the Civil Code (§§ 2866-2877), and are, by the provisions of' § 2869, exempt from the provisions of § 2471, requiring life and fire insurance policies which refer to the application for insurance or to the constitution, by-laws, or other rules of the company, to. contain or have attached thereto a copy of the same, in order to. authorize the introduction of such constitution, by-laws, or rules in evidence, as a part of the policy. The trial judge, therefore, erred in holding that the constitution, by-laws, rules, and require-- ments of the Supreme Ruling of the Fraternal Mystic Circle were inadmissible for the reason that they did not appear in the cer-. tificate of membership and were not attached thereto by copy as an exhibit. It is not necessary to review the ruling in the case of *Heralds of Liberty* v. *Bowen*, because the point here presented was not involved when that case was before this court. This is plain from the wording of paragraph 3 of the decision, in which we held that "an association which issues policies of insurance, but, so far as appears, has no ritual nor any initiation, can not be legally classed as a fraternal beneficial association under the laws. of Georgia, and may be treated as an ordinary insurance company." That ruling related especially to the matter of service, upon which

we ruled in the preceding part of the decision, but it is not in conflict with the 6th paragraph, in which we held that the act of August 17, 1906 (Acts 1906, p. 107), now embodied in § 2471 of the code, applied to such assessment associations as the Heralds of Liberty appeared from the record to be (as indicated in paragraph 3 of the decision), i. e. associations without ritual or form of initiation, or lodge form of government, but purporting to be and sometimes called "fraternal associations." It appears from the record in that case that, though the Heralds of Liberty had supreme headquarters located in a sister State, Bowen had never been initiated, and there was not at that time a single lodge within the State of Georgia, nor any proof that Bowen was a member of any subordinate lodge here or elsewhere. The distinction between assessment companies, such as the record shows the Heralds of Liberty to be, whether fraternal or not, and fraternal beneficiary associations dealt with in chapter 2, article 9, section 7 of the Civil Code, is pointed out by presiding Justice Evans in *Fraternal Life & Accident Association* v. *Evans,* supra. In that case the court rules that "The General Assembly have differentiated fraternal beneficiary associations from co-operative and assessment companies; the latter are classed as insurance companies (Civil Code, §§ 2412, 2450), while the former are exempt from the provisions of the insurance laws (Civil Code, § 2869). Having held in the *Bowen* case, supra, as to the matter of service, that the plaintiff in error was not a fraternal beneficiary association, we were compelled to hold that it was not exempt (not being a fraternal beneficiary association) from the requirement of section 2471 of the Civil Code, as to the matter of incorporating in the certificate, or attaching thereto as an exhibit, a copy of its constitution, by-laws, or rules, before they would be admissible in evidence. The case at bar comes squarely under the ruling in *Fraternal Life & Accident Association* v. *Evans,* supra. The proof shows that the Supreme Ruling of the Fraternal Mystic Circle is the supreme body of that fraternal beneficiary association, which has subordinate lodges (or "rulings"). The supreme council is a representative body; and, before membership, applicants must be formally initiated according to the ritual. Upon this state of facts the Supreme Court ruled that such fraternal beneficial associations, unlike mutual co-operative and assessment insurance com-

panies (and this includes all fraternal insurance companies which do not possess the requisites essential to constitute them fraternal beneficiary associations), are, by the provisions of section 2869 of the code, exempt from the rule prescribed in section 2471. It follows that the trial judge, in the case now before us, erred in excluding from evidence the by-laws of the defendant fraternal beneficiary association.                    *Judgment reversed.*