## 5859. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. KEEN et al.

1. An action on a life-insurance contract, brought by one of the beneficiaries "for herself and as next friend for" the other beneficiary, who is alleged to be a minor, is not subject to demurrer on the ground that the plaintiff is not entitled to sue as next friend or otherwise than in her own right.

2. The petition is not demurrable on the ground that it is duplicitous, in that it alleges that the plaintiff furnished the defendant with proofs of the death of the insured, and further alleges that the defendant subsequently waived the furnishing of such proof.

3. A provision in a benefit certificate, that it shall be void if the person whose life is thereby insured "should die  .   .  in consequence of the violation or attempted violation of the laws of the State," will not bar a recovery where his death was not the direct, natural, and legally proximate consequence of a violation of law on his part.

4. In an action on a benefit certificate of a fraternal beneficiary order or association, it is not necessary to set forth in the petition or attach to it a copy of rules or by-laws or an application referred to in the certificate as a part of the contract.

DECIDED SEPTEMBER 2, 1915.

Action on life-insurance certificate; from city court of Blakely—Judge Sheffield. June 20, 1914.

*Glessner & Collins,* for plaintiff in error.

WADE, J. 1. The suit was brought by Mrs. Annie Keen individually and as next friend for Darries C. Keen. The defendant demurred (1) generally, and (2) because it did not appear from the original petition whether or not Darries C. Keen was a minor, and no reason was assigned why she could not institute suit in her own name and behalf; and (3) because "it is not the legal right of Mrs. Annie Keen to institute suit 'as next friend for Darries C. Keen,' or otherwise for herself and in her own right as one of the beneficiaries named in the benefit certificate declared on."

The general demurrer was properly overruled. The objection raised by the 2d ground of the demurrer was met by an amendment, duly allowed, in which it was alleged that Darries C. Keen was a minor. "The more regular form of pleading is for the minor to sue by the next friend, but if the next friend sue as next friend of the minor, it is the same thing in substance." *Lasseter* v. *Simpson,* 78 *Ga.* 61 (3 S. E. 243). "Such an irregularity is immaterial and will not affect the decision of the case." *Hart* v. *Atlanta Terminal Co.,* 128 *Ga.* 754-772 (58 S. E. 452); *Dent* v. *Merriam,* 113 *Ga.* 83-4 (38 S. E. 334). The defect could be cured by amendment.

*Hart* v. *Atlanta Terminal Co.,* supra (p. 754 (5)). Demurrer (as has often been said) "being a critic, must itself be free from imperfection," and, in the absence of any demurrer raising the precise point that Darries C. Keen should have brought suit in her own name, by or through her next friend, Mrs. Annie Keen, the court did not err in overruling the objection raised by the 2d and 3d grounds of the demurrer. And regardless of the sufficiency of the demurrer to raise the exact point, it is clearly apparent from the petition as amended that the suit is to recover for the two beneficiaries named in the benefit certificate whatever they may each be entitled to thereunder; so in no event could Darries C. Keen institute suit hereafter on the same certificate of insurance; she would be estopped by the suit as brought. *Vale Royal Mfg. Co.* v. *Bradley,* 8 *Ga. App.* 483 (2), 488-9 (70 S. E. 36).

2. The petition alleges both that proper proof of death was furnished the insurer, and that on a subsequent day named the insurer waived the furnishing of such proof. While evidence to support one of these allegations would dispense with the necessity of proving the other, there was no error in overruling the demurrer based on the contention that the plaintiff was seeking "to base her right of action on two inconsistent theories as to how the cause of action arose;" nor was the petition subject to criticism as being duplicitous for this reason. Proof of death was necessary, unless waived, and the plaintiff alleged not only that such proof had been actually furnished, but also that the production thereof was waived, and this in legal effect was equivalent to its having been "furnished" in compliance with the requirements of the benefit certificate.

3. The defendant pleaded that the insurance contract was by its terms invalidated because the insured was killed in consequence of his violation of law, in a fight with deadly weapons, begun by himself. There was evidence from which the jury (accepting it, as they must have done, in preference to the testimony to the contrary) might infer that the last of five shots fired from the pistol of the slayer was the shot that took the life of the insured, and also that before this shot was fired the deceased had really and in good faith endeavored to decline any further struggle, had dropped his weapon, "had one or both hands up, and was running backwards," and was then "retreating," "trying to get away" from his slayer.

The finding of the jury that the insured did not die as the result of a violation of law, or that his violation of law was not the "direct, natural, and legally proximate cause of his death" (*Empire Life Insurance Co.* v. *Einstein,* 12 *Ga. App.* 380 (5) (77 S. E. 209), was therefore not unsupported by proof, even though it be conceded that the deceased made the initial assault.

4. Section 2471 of the Civil Code provides that all life-insurance policies issued upon the life of persons within this State, containing any reference to the application for insurance, or to the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to the policy a correct copy of such application signed by the applicant, and of the by-laws referred to; and unless so attached and accompanying the policy, no such constitution or by-laws shall be received in evidence either as part of the policy or as an independent contract in any controversy between the parties to or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between such parties. Under the express ruling of the Supreme Court, fraternal beneficiary orders or associations are not included in the provisions of section 2471, supra. "It follows that, where a benefit certificate of a fraternal association refers to the application, constitution, and by-laws of the association as being a part of the contract, in an action on such benefit certificate the application, constitution, and laws of the association are receivable in evidence as part of the contract of insurance." *Fraternal Life &c. Asso.* v. *Evans,* 140 *Ga.* 284 (1) (78 S. E. 915). The only penalty fixed by section 2471 for failing to attach to a policy of insurance a correct copy of the application therefor, and of any by-laws or rules, etc., therein referred to, is that they may not be received in evidence either as a part of the policy or as an independent contract, and can not be considered as part of the policy or contract between the parties. This rule does not apply to fraternal associations. In suits to recover money on insurance policies which come under the provisions of section 2471 it is not necessary to attach a copy of anything written or printed upon the policy, or to set up anything other than "what appears upon the face or in the body of the policy." Civil Code, § 5541. Neither is it necessary to set out in a suit brought upon

a benefit certificate of a fraternal association the application, constitution, by-laws, etc., as a part of the contract sued upon, where that contract is clear and explicit in its provisions, notwithstanding it may refer to the constitution and by-laws of the order; but such constitution, by-laws, etc., may be introduced in evidence to throw light on the contract itself, though not attached to the policy itself. *Supreme Ruling* v. *Blackshear*, 13 *Ga. App.* 329 (79 S. E. 210).

5. Several other grounds of the demurrer are abandoned, in view of amendments specifically supplying certain dates. The remaining grounds are without substantial merit. There is no substantial merit in any of the grounds of the motion for a new trial. There was no harmful error, for any reason assigned, in the admission or exclusion of evidence, or in the charge of the court, when the charge is considered as a whole.　　　　*Judgment affirmed.*