## 11551. SOVEREIGN CAMP WOODMEN OF THE WORLD v. BEARD.

1. "Where both parties to a cause consent that the court direct a verdict, though each moves that it be directed in his own favor, neither party can complain that the court erred in directing a verdict, though the losing party may except upon the ground that the verdict directed is erroneous." *Mims* v. *Johnson*, 8 *Ga. App.* 850(1) (70 S. E. 139).

2. "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true or the policy is void." Civil Code (1910), § 2480. The questions presented for determination in such a case are: (1) Was the representation false? (2) Was it made in reference to a matter material to the risk? *Mutual Life Ins. Co.* v. *Bolton*, 22 *Ga. App.* 566, 569 (96 S. E. 442). The trial judge, by consent of parties, having passed on these questions, and the effect of his judgment being that any misrepresentation of fact made by the insured related only to immaterial matters and did not constitute misstatements affecting the risk, and there being sufficient evidence to support such finding, the verdict will not be disturbed.

3. The act of 1914 "for the regulation and control of benefit societies," etc. (Ga. L. 1914, p. 100, sec. 4, Park's Code, § 2564(t)), does not change the law so as to render a certificate of insurance issued by a fraternal benefit society null and void on account of untrue but immaterial statements contained in the application; and this is the rule although the statements contained in the application are warranted to be true, with the further proviso that if any of them be untrue the policy shall become null and void.

DECIDED JANUARY 20, 1921.

Action on insurance policy; from Colquitt superior court — Judge Thomas. April 15, 1920.

Application for certiorari was denied by the Supreme Court.

*L. L. Moore,* for plaintiff in error.

*D. P. Starr, Shipp & Kline,* contra.

JENKINS, P. J. Only the third division of the syllabus requires elaboration, since counsel for plaintiff in error, in his admirable brief, properly concedes that the judge who determined the case, sitting as both court and jury, was authorized by the evidence to find that the misstatements of fact in the application were not of material character, and that in view of the decisions of the Supreme Court and of this court, if this contract is to be construed by the same rules of law as contracts of insurance issued by old-line companies are, the judgment below should be affirmed. As was said by Judge Pottle, speaking for this court in the case of *Ætna Life Ins. Co.* v. *Conway,* 11 *Ga. App.* 557, 560 (75 S. E. 915),

"it is immaterial whether the statements made by the applicant for insurance were representations or warranties, since the effect of such statements must be determined by the provisions of these sections of the code (§§ 2479, 2480, 2481, 2483) without reference to whether the statements may be regarded technically as representations or warranties." The argument of counsel is therefore based entirely upon the contention that the recent statute above referred to, when taken in connection with the terms of the contract here involved, imposes a different rule, and that in the case of a fraternal benefit society the warranties must be strictly enforced as such, whether material or immaterial, and consequently it did not lie within the province of the court below to pass upon the question of their materiality. Section 4 of the act of 1914 (Park's Code, § 2564(t)), which counsel relies upon, is, indeed, broad and sweeping in the language used, and provides as follows: "Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relation with the State, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

The only question for us to determine is therefore whether the intention of the law-makers was thus to repeal by implication the code section relating to the construction of insurance contracts, wherein it is provided that in order that a policy of insurance shall be avoided on account of misstatements made by the insured, they shall be such as shall materially affect the risk, or whether their intention was as the caption of the act itself provides, merely to pass "an act for the regulation and control of all fraternal benefit societies; to prescribe their admission into this State; the amount of license fee for each society; how they shall be excluded from the State; and for other purposes." In referring to the caption, we, of course, are not attempting to pass upon any constitutional question, since no such question has been raised, and its determination, if it had been, would lie beyond the jurisdiction of this court, but are seeking only to interpret the true intention of the legislature in enacting the statute referred to. Civil Code (1910), § 4(9). In so doing "nothing is better settled than that the intention of the General Assembly in the passage of a law is derivable as well from the caption of the act as from the body of the act itself."

*Wimberly* v. *Ga. So. & Fla. R. Co.,* 5 *Ga. App.* 263, 265 (63 S. E. 29). Although the section quoted says in terms that such societies shall be governed by this act exclusively, " not only in governmental relations with the State, but for every other purpose," we think that the true intent and purpose of the act manifestly relates to their duties and responsibilities as a corporate entity in their relations to the State, to the public, and to its members, and that it was in no wise intended to legislate upon the construction of contracts. In other words the *society* shall be *governed* by the act exclusively, all of its duties as a corporate entity, to the State in its governmental function, to the members, and to the public being distinctly and independently laid down and defined; but it is not the purpose or intent of the act to legislate upon the construction of the certificates of indemnity, and thus inferentially or by implication to repeal, so far as these societies are concerned, the settled rules of construction governing insurance contracts.

We feel the better assured as to the correctness of this view by reference to the similar construction given by the Supreme Court to corresponding provisions of law, which, while not identical or so broad in the language used, were nevertheless similar in purpose and meaning. At the time the decision in *Fraternal Life &c. Asso.* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915), was rendered, a section of the law governing fraternal benefit societies provided that " Such orders or associations shall be governed by this section, and shall be exempt from the provisions of the insurance laws of this State." In that case it was clearly recognized by the Supreme Court that §§ 2479, 2480, 2481, and 2483 of the Civil Code (1910), governing the construction of insurance contracts, remained applicable to such societies. The similar and corresponding section now under consideration is merely an amplification of the provision for the regulation and government of such corporate entities, pertaining to their duties and responsibilities to the State, the public, and their members, and was not intended to change radically or materially the provision previously enacted, or to legislate inferentially or by implication upon the settled rule of construction governing contracts of insurance.

*Judgment affirmed. Stephens and Hill, JJ., concur.*