## 17637. SOVEREIGN CAMP OF WOODMEN OF THE WORLD *v.* PARKER.

In this action on a beneficiary certificate against a fraternal beneficiary association, in which a verdict was returned for the plaintiff, the evidence having conclusively established the defense of material misrepresentations inducing the issuance of the certificate or policy, the court erred in not granting a new trial.

DECIDED APRIL 16, 1927.

Complaint on life-insurance policy; from Walker superior court — Judge Maddox. August 2, 1926.

*Rosser & Shaw,* for plaintiff in error.

*G. E. Maddox, Norman Shattuck,* contra.

BELL, J. Mrs. Inez Parker prevailed in the court below in a suit against the Sovereign Camp of the Woodmen of the World, a fraternal beneficiary association, on a certificate issued to her husband, Wiley R. Parker, in which she was named as the beneficiary. The defendant has excepted to the refusal of its motion for a new trial. The defendant pleaded that the policy or certificate was void, because of material misrepresentations made in the application. It is our opinion that this plea was sustained,

Appeal and Error, 4 C. J. p. 833, n. 53; p. 834, n. 65.

Insurance, 32 C. J. p. 1271, n. 14; p. 1283, n. 92.

Mutual Benefit Insurance, 29 Cyc. p. 86, n. 90; p. 87, n. 91, 92; p. 90, n. 10.

New Trial, 29 Cyc. p. 818, n. 30; p. 820, n. 35.

as a matter of law, by the evidence, and that the verdict was contrary to the evidence and the law.    The assured said in his application that he had consulted no physician for any disease or injury during the past five years; that he had never had a chronic cough, consumption, tuberculosis, or any other disease of the throat or respiratory organs; and that he was at the time in sound bodily health.    The application was made on July 27, 1923.

According to the undisputed evidence, the truth was undoubtedly as follows:    On July 5, 1923, the insured consulted Dr. J. A. Shields, complaining of a cough, weakness, and indigestion.    Dr. Shields made a thorough physical examination of the insured's chest, and, finding unmistakable "sounds" of infection of his lungs at that time, prescribed for the insured rest and fresh air, and advised him to stay in bed.    Dr. Shields saw the insured professionally two or three times in July, 1923, and at one time took a specimen of his sputum and had it examined microscopically by another physician, with the result that tubercular germs were found to be present.    The insured applied for and obtained from the Odd Fellows lodge sick benefits, of which he received the first payment on July 12, 1923.    He was thereafter paid such benefits "for every week" until his death.    The policy was issued on the 18th of August, 1923, on the faith of the representations contained in the application.    On January 5, 1924, the insured was "bedridden," and on March 16, 1924, he died from pulmonary tuberculosis.

The materiality of the above representations, especially as to the insured's not having consulted a physician, can not be doubted, for it appears, as a matter of law, that such statements do influence the action of the prudent insurer.    They are among the matters upon which he rests his decision whether to accept the risk, and, if so, at what rate.    Moreover, in the instant case, the probable consequences resulting from the false statements are somewhat magnified, when considered in connection with the undisputed testimony that the insured had been treated by a physician but a short while preceding his application, and that this physician, in his study of the case as then presented to him, found the patient to be suffering from pulmonary tuberculosis.    If the insured had answered that Dr. Shields had been treating him for a cough, weakness, and indigestion within the past month, and that

he was receiving sick benefits from the lodge, these facts would at least have put the insurer on inquiry, and it can hardly be doubted that the insurer would have been influenced to reject the risk on discovering the facts to which such inquiry would have led. "A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647 (2) (82 S. E. 62) ; *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 517 (2) (123 S. E. 737). It is inconceivable that the insured could have forgotten his sickness and treatment in so short a time. In *Metropolitan Life Ins. Co.* v. *Shaw,* 30 *Ga. App.* 97, 99 (117 S. E. 106), Judge Luke, speaking for this court, said: "The question as to attending physicians was not an idle one. . . Shaw's representation in his application that he had not been under the care of any physician within two years prior to the date of his application was fraudulent, material, and made to induce the acceptance of the risk." See also *Puckett* v. *Metropolitan Life Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791). The two last cases are very similar in their facts to the case at bar, and would seem to be controlling. In *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804), this court held: "Where an application for a policy of insurance is not attached thereto or referred to therein, it is not to be regarded as a part of the contract, and in such a case material statements or representations made by way of application will not void the policy, unless they be not only false but also fraudulent." The rule as thus stated has no application, however, to fraternal beneficiary associations. *Fraternal Life Asso.* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915) ; *Supreme Ruling of Fraternal Mystic Circle* v. *Blackshear,* 13 *Ga. App.* 329 (79 S. E. 210) ; *Sovereign Camp of Woodmen of World* v. *Keen,* 16 *Ga. App.* 703 (4) (86 S. E. 88). It therefore was not necessary for the defendant association in this case to show actual moral fraud, although the application may not have been attached to the certificate. Compare Park's Code, § 2564 (x) ; *Sovereign Camp* v. *Beard,* 26 *Ga. App.* 130 (3). Any material misrepresentation whereby the nature or extent or character of the risk was changed avoided the certificate, whether the statement was made in good faith or wilfully or fraudulently. *Supreme Conclave Knights of Damon* v.

*Wood,* 120 *Ga.* 328 (47 S. E. 940) ; *Lee* v. *Metropolitan Life Ins. Co.,* supra. The evidence having conclusively established the alleged defense of material misrepresentations, the plaintiff, under the law, should not have recovered. It follows that the court erred in not granting a new trial. Since the above ruling appears to be controlling, it is unnecessary to decide other questions made in the record and argued in the briefs.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*