19932. SOVEREIGN CAMP, WOODMEN OF THE WORLD v. BOWMAN.

BROYLES, C. J. 1. Section 5570 of the Civil Code of 1910, providing that "whenever process is not served the length of time provided by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term," is applicable to the service of process upon the insurance commissioner in an action against a fraternal beneficiary association, although it is stipulated in the statute providing for such service (Ga. L. 1914, sec. 17, p. 111) "that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said insurance commissioner he shall forthwith forward by registered mail one' of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided herein." Under the above-stated ruling and the facts of the instant case, the court did not err in passing the following order: "After a hearing. on the within exceptions · [to the service of process], it is ordered that same be overruled in so far as same asks that suit be dismissed. ' Ordered further that, it appearing that service being too late for February term, the May term is adjudged to be the appearance term, and the August term, 1928, is adjudged to be the trial term of said case."

2. "If after a policy of insurance has been issued knowledge be brought home to the insurer that certain statements material to the risk, made by the assured to procure insurance, are untrue, but which were by him warranted to be true, and notwithstanding such knowledge the insured thereafter receives the premiums in accordance with the terms of the policy, he will, after loss, be held to have waived any forfeiture which might otherwise have resulted from such breach of warranty, and would be thereafter estopped to deny the validity of the policy." *German American Mutual Life Asso.* v. *Farley,* 102 *Ga.* 720 (3), 742, 743 (29 S. E. 615), and cit.; New York Life Insurance Co. v. Dumler, 282 Fed. 969; 14 R. C. L. 1190, § 367.

(a) "Waiver of a forfeiture, though in the nature of an estoppel, may be created by acts, conduct, or declarations insufficient to create a technical estoppel." New York Life Ins. Co. *v.* Dumler, supra, headnote 2.

(b) A waiver of a forfeiture may be created by acts, conduct, or declarations of the insurer although the certificate of insurance contain the following provision: "Should this certificate be forfeited for any cause, the acceptance of any payments from or for the member or other act by any camp officer or member of the society after said forfeiture, shall not operate as an estoppel or waiver of the terms of this contract." Conceding (but not deciding) that such a provision in a certificate of insurance issued by a fraternal beneficiary association is binding upon the insured, the provision, properly construed, means that the acceptance of any payments from the insured, or other act, by any officer or member of a *local camp or lodge* of the society, shall not operate as a waiver or an estoppel. It should not be construed to mean that knowledge *by the society itself* of such acts of an officer of a local camp, and acquiescence therein by the officers of the supreme lodge or camp, would not operate as an estoppel or a waiver of the terms of the contract of insurance.

3. In the instant case there was some evidence which authorized a finding that the insurer, after knowledge of the fact that the insured had made certain untrue statements about his health, material to the risk, and made to procure the insurance, had received the premiums due under the terms of the certificate of insurance, and that the insurer had thereby waived the forfeiture and was estopped to deny the validity of the policy.

4. Under the above-stated rulings the court did not err in overruling the demurrer to the petition as amended or in refusing to grant a new trial.

   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

   DECIDED NOVEMBER 13, 1929.

*Rosser & Shaw,* for plaintiff in error.
*Maddox, Matthews & Owens, Norman Shattuck,* contra.