### 24758. SOVEREIGN CAMP W. O. W. v. BATCHELOR.

R. G. *Plunkett,* for plaintiff in error.   B. F. *Whelchel,* contra

Sutton, J.   On September 19, 1931, Batchelor applied to the plaintiff in error, a fraternal benefit association, for a benefit certificate therein.   In his application he made the following answers to the following questions: "Are you in good health?   Yes.   Have you ever been under observation, care or treatment in any hospital, etc.?   No.   Have you within the past 10 years suffered any mental, or bodily disease or infirmity?   No.   Have you within the past 10 years consulted or been attended by a physician for any disease or injury or undergone any surgical operation?   No."

The application contained an agreement whereby the applicant consented that such application should constitute the basis for and form a part of any certificate issued to him by the association. The applicant certified, agreed, and warranted "that all the statements, representations, and answers in this application  .  .  are full, complete, and true," and "that all untrue statements or answers made" should void the certificate issued to him. On September 30, 1931, the association issued to Batchelor a certificate of membership, by which it agreed to pay $1000 to his widow upon his death in good standing; the certificate providing that the application of Batchelor constituted a part of the contract between him and the association.   Batchelor died on November 30, 1932. The association refused to pay any benefit to Batchelor's widow, and she brought suit against it on the certificate.   The application and certificate were introduced in evidence.   The certificate provided that it was "issued in consideration of the representations, warranties, and agreements made by the person named herein in his application."   The evidence established the fact that beginning on May 22, 1931, and continuing to December 11, 1931, Batchelor had been treated by a physician for syphilis, and was so treated on September 9, 11, and 25, 1931.   One physician treated him constantly for this disease from January 14, 1932, until two weeks before his death.   The death certificate, made by the physician

who attended him during 1931, recited these facts, and also that Batchelor died from this disease. The verdict was in favor of the plaintiff. The defendant moved for a new trial on the general grounds, and on certain special grounds, the first two of which assigned error on the court's refusal to direct a verdict in its favor. The other special grounds assigned error on the court's charge to the jury, in effect, that, before the policy could be avoided, it was necessary to show that the applicant wilfully intended to defraud the association by making untrue answers to the questions in the application. The judge overruled the motion for new trial, and the defendant excepted.

1. It is never error for the judge to refuse to direct a verdict. *Rubin* v. *Hardin,* 173 *Ga.* 127 (159 S. E. 711); *W. & A. R.* v. *Michael,* 178 *Ga.* 1 (172 S. E. 66).

2. This is a case involving misrepresentation by the applicant, in his application for a benefit certificate, of facts material to the risk, and not of a failure to state a material fact or of a concealment of material facts. It is immaterial whether the applicant acted in good faith in making such representations or not. The questions presented are, was the representation false; and if so, was it made with reference to a fact material to the risk. *Sovereign Camp W. O. W.* v. *Beard,* 26 *Ga. App.* 130 (105 S. E. 629). Any material misrepresentation whereby the nature, extent, or character of the risk is changed will void the certificate, whether the statement be made in good faith or wilfully and fraudulently, where the application is attached to and is made a part of the policy, or where a benefit certificate in a fraternal benefit association is involved. *Sovereign Camp* v. *Keen,* 16 *Ga. App.* 703 (86 S. E. 88); *Fraternal Life &c. Asso.* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915); *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940); *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 517 (123 S. E. 737); *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804). The evidence in this case establishes conclusively that the applicant untruthfully answered material questions in the application; and "the materiality" of such false answers being such as can hardly be seriously doubted, "for it appears as a matter of law that such" answers "influence the action of the prudent insurer," being "among the matters upon which he rests his decision whether to accept the risk, and,

if so, at what rate," the plaintiff was not entitled to recover, and the judge erred in not granting a new trial. The following cases are decisive of the question now for determination. *Sovereign Camp W. O. W.* v. *Parker,* 36 *Ga. App.* 695 (138 S. E. 86); *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498); *Metropolitan Life Ins. Co.* v. *Shaw,* 30 *Ga. App.* 97 (117 S. E. 106); *Puckett* v. *Metropolitan Life Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791); *Metropolitan Life Ins. Co.* v. *James,* 37 *Ga. App.* 678 (141 S. E. 500). Where the evidence excludes every reasonable inference except that the representations were both false and material, a verdict for the plaintiff was unauthorized. See *Jefferson Standard Life Ins. Co.* v. *Henderson,* supra. This case and the cases cited herein as controlling authorities of the questions herein involved are different in their facts from cases coming within sections 56-822 and 56-824 of the Code of 1933 (Code of 1910, §§ 2481, 2483). See *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640 (176 S. E. 124), and cit., for the distinction between these two principles. The judge erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*