*Winfield P. Jones, Louis H. Foster, Carroll P. Jones,* contra.

25021.  SOVEREIGN CAMP OF THE WOODMEN OF THE
WORLD *v.* LAWSON.

DECIDED DECEMBER 24, 1935.

*A. E. Wilson, Robert McMillan,* for plaintiff in error.

*Bynum & Frankum,* contra.

JENKINS, P. J. 1. Fraternal beneficiary associations or benefit societies, under the express provisions of the Code of 1933, §§ 56-1606, 56-1704, are controlled by § 56-1601 et seq., made specially applicable thereto, rather than by the general insurance laws of the State. Thus, § 56-904, which requires that the application for insurance and the constitution, by-laws, or other rules of an insurance company shall be attached to the policy, in order to be received in evidence or to be considered as a part of the policy or contract between the parties, has no application to such associations or societies. *Fraternal Life Assn.* v. *Evans,* 140 *Ga.* 284, 287 (78 S. E. 915), and cit. However, where such an association, on consideration of monthly payments of fixed assessments, issues a certificate in which it designates such payments as premiums, and agrees to pay a specified amount in the event of death, and one half of that amount "after this certificate shall have been in force for twelve months, if satisfactory proof is furnished to the association, . . while this certificate is in full force, that the member is totally and permanently physically disabled and will be permanently, continuously, and wholly prevented from performing any work for compensation or profit, or from engaging in any occupation or employment of a gainful nature, and if such disability has then existed for not less than ninety days, . . in full settlement, on surrender of this certificate for cancellation," and which certificate contains other provisions customarily included in life and disability insurance policies, such a certificate, so far as it extended, is essentially a contract of insurance, except that it is not controlled by the general insurance statutes of the State, and the rights and liabilities of the parties are governed accordingly, even though the certificate may constitute only a part of the contract between the association and the member, and is to be construed with any pertinent provisions of the charter and by-laws, which with the certificate will constitute the entire contract. 7 C. J. 1051, 1053; 45 C. J. 8, 9, 11, 27, 28. Where a fraternal benefit association issues to a member such a life and total disability certificate, the legal rules governing the forfeiture of life and disability policies of insurance, for fraud, misrepresentation, or breach of warranty by an insured, and waiver or estoppel against the insurer to forfeit or avoid policies for those reasons, are applicable. See 45 C. J. 74, 75, and cit.

2. A fraternal benefit association, like an insurance company, will be estopped from claiming a forfeiture or avoidance of a certificate of total-disability insurance, issued to a member as above indicated, for his alleged fraud, misrepresentation, or breach of warranty in his application or obtaining of the certificate, because of a misstatement or concealment of his true physical condition then existing, where, after the filing and with full knowledge of his claim of total disability as arising subsequently to the issuance 'of the certificate, and with knowledge of the facts constituting its defense that the contract was forfeited or avoided because the total disability existed at the time of the issuance of the certificate, the association nevertheless continued to receive from the holder and to retain the monthly premiums due under the certificate for more than a year after the filing of the claim and of the suit on the certificate by the member for the recovery of such total-disability benefits. *German American Mutual Life Asso.* v. *Farley,* 102 *Ga.* 720 (3), 742, 743 (29 S. E. 615), and cit.; *Sovereign Camp Woodmen of the World* v. *Bowman,* 40 *Ga. App.* 536 (2) (150 S. E. 436) ; 45 C. J. 149, 157, and cit. The tender to the plaintiff, made in the answer of the defendant, of the $146.16 in premiums collected "up to and including the date of the return day" of the court, the fourth Monday in' November, 1933, and the tender at the trial of $193.14, which the defendant admitted in open court was "all the premiums and payments on the policy in suit up to August, 1934," would not relieve the defendant from the estoppel created by its collection and retention of the premiums with full knowledge and for an unreasonable length of time, especially where the defendant continued to collect and retain them after the filing of the suit and almost to the date of trial.

3. Under the above rulings, and under the rule as to what constitutes total disability within the meaning of a policy provision similar to that in this case, as defined by the Supreme Court in *Prudential Ins. Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499), and *Cato* v. *Ætna Life Ins. Co.,* 164 *Ga.* 392 (138 S. E. 787), the substance of which rule was correctly charged to the jury by the judge, a verdict was authorized, if not demanded, in favor of the plaintiff on the issues as to total disability, and as to estoppel against the company to claim a forfeiture of the insurance certificate because of the alleged existence of the disability at the time of the application for its issuance.

4. "The burden of proof generally lies upon the party assert-ing or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." Code of 1933, § 38-103. Un-like the pleadings in *Social Benefit Society* v. *Holmes,* 127 *Ga.* 586 (3) (56 S. E. 775), the petition here was based solely on the certificate, and did not directly or by reference plead provisions in the charter or by-laws which, besides the application, the de-fendant pleaded in affirmative defenses. A right of recovery being proved under the certificate, which was admitted in evidence with-out objection, and the certificate showing at least prima facie the essential contractual provisions entitling the plaintiff to the bene-fits sued for, the plaintiff did not fail to prove his case as laid, in the absence of any evidence as to any contrary provision in the charter or by-laws or as to anything in the application which would defeat a recovery. If the defendant desired to avail itself of the application, charter, and by-laws, which it alone pleaded, the bur-den was on it to put them in evidence. Therefore the verdict was not unauthorized under the pleadings; and the court did not err in charging to the jury the rules of law relating to fraud by an applicant and estoppel against an insurance company to claim a forfeiture where it continues to collect and retain premiums. Nor, under the preceding rulings, were such instructions error for the additional reason assigned, that the principles did not apply to the defendant, because it was a fraternal beneficiary association.

5. It is further contended that there was no evidence to show that the plaintiff furnished to the defendant any *"satisfactory* proof" of total disability, as required by the certificate; and that the court erred in charging the jury that "the defendant admits that the notice of plaintiff's claim for permanent and total dis-ability has been filed with the company, and that they received the claim," the ground of error being that the answer made no such admission, and that it nowhere appeared that *"satisfactory* proofs had ever been filed." Paragraph 6 of the petition pleaded, that, within the time required and in accordance with the pro-visions of the certificate, the plaintiff "filed his proof of claim, . . and defendant failed and refused to make settlement" there-for. Paragraph 4 of the answer admitted that at the time alleged the "plaintiff filed an alleged *claim for total and permanent dis-ability,"* admitted that "it refuses to make settlement" thereof,

and denied "the remainder of the paragraph." The answer set up no defense that the proof of claim filed was not "satisfactory." Under the pleadings quoted, the court did not err in giving the instruction excepted to; especially since the jury were later specifically told that, as one of the elements necessary for a recovery, they must believe that *satisfactory proof* was furnished to the association." The verdict and the charge as to proof of claim were also fully authorized under the letters of the defendant of April 13, and June 9, 1933. The former referred to the previous claim of total-disability benefit, and "the evidence submitted to this office in support of your claim" as being insufficient without further evidence to show total disability. But the latter letter admitted that the papers showed that the plaintiff was then "and perhaps permanently disabled from following any occupation," made no reference to any insufficiency of the proofs of claim, and based the refusal of payment solely on the contention that the applicant was not in good health when he made his application for the certificate, and that he had made material misrepresentations and breaches of warranty. For this reason, it stated that the applicant should surrender the certificate, and that the payments of assessments made by him should be refunded.

6. The verdict "in favor of the plaintiff in the sum of $1000, half the policy, and $104.20 interest, total amount $1104.20— with surrender of policy," was not contrary to law because, as claimed, the finding "with surrender of policy" rendered it absolutely inconsistent and illegal. The total-disability provision agreeing to pay $1000 in full settlement, "on surrender of this certificate for cancellation," the defendant can not complain of the inclusion of the quoted condition in the verdict, the effect of which was merely for its own protection.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*