27854. BANKERS HEALTH AND LIFE INSURANCE COMPANY *v.* GLISSON.

DECIDED JANUARY 17, 1940.

*Turpin & Lane, Cumming, Harper & Nixon,* for plaintiff in error. *Paul T. Chance,* contra.

GUERRY, J. Mrs. Glisson brought an action against the insurance company on a policy of insurance issued on the life of her husband, naming her the beneficiary. The policy was issued on April 4, 1938, and the insured died on December 10, 1938. The defendant answered, alleging that in the application for the insurance and in the medical examiner's report, both of which were attached to and made a part of the policy, the insured answered,

584

among other things, "I am not . . nor have I been advised to seek medical or surgical attention or advice within the past five years;" that further, the insured was asked: "Have you ever had syphilis?" to which he answered, "No;" that, relying on the truth of such answers, the defendant company issued and delivered the policy; that said answers were false, and were made by the insured with knowledge of their falsity; that said questions were material and the answers thereto false; and that for that reason the policy issued was void and of no effect. The defendant also alleged that it did not know of the falsity of the answers until after the death of the insured, and that it did immediately tender, and now tenders to the plaintiff all premiums paid, together with interest. A reading of the application makes it clear that the insured answered that he had not received, and had not been advised to receive, any medical or surgical attention within the past five years; and that he answered that he had never had syphilis. The uncontradicted evidence showed that he went to a doctor in January, 1937, at a syphilis clinic, and told the doctor of having contracted the disease; that he was examined and found to have the disease, and was given treatment therefor on January 12, February 12 and 19, March 23 and 30, April 6, 20, and 27, 1937, and on July 12 and 26, 1938. Another doctor testified that he had treated the insured for syphilis in December, 1936. The plaintiff introduced the family physician as a witness, who testified that he also had treated the insured for syphilis in 1936. There was evidence also that syphilis is a disease which would make an applicant less desirable as an insurance risk. The doctor who made the medical examination testified that he asked the insured the direct question: "Have you ever had syphilis?" and he answered, "No." There was no indication at the time that the applicant was not telling the truth.

From the above evidence, which was not contradicted, a finding was demanded that the insured had been under the care of several different physicians within two years before the application, and that he had had syphilis and knew that he had been suffering from this disease within two years before making the application. We think such evidence demanded a finding that the answers made were false and fraudulent, and that such facts were unknown to the insurer. Were the statements material? "A material repre-

sentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647 (2) (82 S. E. 62). The materiality of a concealment or representation of fact depends, not on the ultimate influence of the fact upon the risk or its relation to the cause of the loss, but on the *immediate influence upon the party* to whom the communication is made, or is due, in forming his judgment at the time of effecting the contract. Richardson Insurance (3d ed.), § 99; 4 Couch on Insurance, § 889; 3 Cooley Briefs on Insurance, 1953; *Ætna Life Insurance Co.* v. *Conway,* 11 *Ga. App.* 557 (75 S. E. 915); *Lee* v. *Metropolitan Life Insurance Co.,* 158 *Ga.* 517 (2) (123 S. E. 737).

We may say in this case, as was said in *Jefferson Standard Life Insurance Co.* v. *Henderson,* 37 *Ga. App.* 704, 706 (141 S. E. 498), "Whether misrepresentations are material is ordinarily a question for the jury; but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury." In the *Henderson* case, as here, the applicant was asked: "Have you . . received medical or surgical attention within the last five years?" to which he answered "No." To a question, "Give the name of any ailment or disease you have suffered in last five years," the applicant answered "None." In the present case in answer to a specific question as to a specific disease, syphilis, he answered "No." The evidence required a finding that he knew he had suffered from that disease, and that he had consulted physicians therefor and had been treated by them for such disease. Under such facts it appears as a matter of law that such answers would influence the action of a prudent insurer. See also *New York Life Insurance Co.* v. *Hollis,* 177 *Ga.* 805 (171 S. E. 288); *Sovereign Camp W. O. W.* v. *Batchelor,* 52 *Ga. App.* 262 (183 S. E. 131); *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799 (43 S. E. 79); *Ætna Life Insurance Co.* v. *Conway,* supra. The application further stated that each of the "statements, representations, and answers contained in this application are made by me to obtain this insurance, and I understand and agree that they are each material to the risk and the company believing them to be true will rely and act upon them." Under the view we take, the evidence demanded

a finding that the statements made were false, and that they were also material to the risk.

It will be noted that the application and medical examination are attached to and made a part of the policy. The defendant in error relies on the case of *Bankers Health & Life Insurance Co.* v. *Kimberly,* 60 *Ga. App.* 128 (3 S. E. 2d, 148), as authority for his position in support of the ruling in the present case. An examination of the opinion of this court in that case will disclose that the judgment was affirmed because there was evidence sufficient to show that if a false answer was made as to medical attention had by the applicant within the five years before the application, the defendant's agent in taking the application had knowledge of the falsity, or that no answer would be required. Moreover, it does not appear in the *Kimberly* case, or in the cases there cited, that the applications in those cases were *attached to* and made a part of the policies. The distinction in such cases is made in the case of *National Accident & Health Insurance Co.* v. *Davis,* 179 *Ga.* 595 (176 S. E. 387), s. c. 50 *Ga. App.* 391 (178 S. E. 320). There is no evidence in the present case that the insurer had any notice of the falsity of the statements made, or that such representations were not relied on in issuing the policy. In view of this ruling it is unnecessary to rule on the special assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*