### ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. MOORE.
### No. 10528.

Circuit Court of Appeals, Fifth Circuit.
March 31, 1943.

Harry L. Greene, of Atlanta, Ga., for appellant.

Welborn B. Cody, of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action to recover death benefits under a certificate of accident insurance issued to John W. Moore by appellant, a fraternal benefit society. The court below entered judgment upon a jury verdict for the beneficiary, and the insurer appealed.

The suit was filed in the Superior Court of Georgia, whence it was removed to the United States District Court. Service of process was had upon appellant's statutory agent for process on April 14, 1941, and was returnable May 5, 1941. Appellant moved to dismiss on the ground that, since the process required appellant to file its answer, pleading, or defense within less than thirty days from the date of service, the service was invalid under Section 56-1621 of the Georgia Code. Section 81-218 of the Georgia Code provides that, whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term. The statute supplements Section 56-1621, supra, is applicable to cases of service upon fraternal benefit societies, and operates not to invalidate the process but only to postpone the due date of the answer or defensive pleading.[1] The motion to dismiss was properly denied.

Appellant moved for a directed verdict, and for judgment non obstante veredicto, upon three grounds: that there was no substantial evidence from which the jury might find that the death of the insured was due to accidental means only as defined in and covered by the policy; that the certificate as to cause of the insured's death, filed with the state by his attending physician, was prima facie proof that his death did not result from accidental means, and there was no evidence suffi-

[1] Sovereign Camp, Woodmen of the World v. Bowman, 40 Ga.App. 536, 150 S.E. 436.

cient to overcome such proof; and that appellee, by refusing to permit appellant to perform an autopsy, forfeited all rights to benefits under the certificate of insurance.

Summarizing the evidence from the view most favorable to appellee, it appears that the insured, a man 69 years of age, was in a violent automobile collision on August 27, 1940. He sustained severe cuts and bruises about his body, and multiple fractures of his cervical spine. He was taken to a hospital, and remained there until September 19th, when he was removed to his daughter's home under the continuing care of a physician. He was extremely nervous at all times following the accident, and his condition grew steadily worse until his death on October 30, 1940. Prior to the accident he was in good health, and had no bodily or organic ailments not usually found in a person of his age. In the opinion of several expert witnesses, the injuries suffered by insured as a result of the automobile collision were the cause of his death. This evidence was believed by the jury; it was sufficient to overcome the prima facie proof accorded by statute to the death certificate and to warrant the jury in finding its verdict for the beneficiary.

The insurer was notified of the accident on August 31, 1940, and disability benefits were paid to Moore after examination of his claim by appellant's representative. The insured was buried on November 2, 1940, and notice of death was transmitted to appellant on November 6, 1940. Nine days later the insurer inquired into the cause of death and the circumstances surrounding the last illness of the insured. Thereafter several demands were made for payment of death benefits under the policy; and on January 10, 1941, appellant responded by demanding leave to conduct an autopsy, which was refused.

The insurance contract admitted-ly conferred upon the insurer the right to perform an autopsy under penalty of forfeiture of all rights thereunder, should that right be denied it; but in such cases the right is not enforceable where the request therefor is not made within a reasonable time.[2] Whether or not the request is made within a reasonable time is for the court to decide if it is made either so promptly or so tardily after death that reasonable minds could not fairly differ on the question; otherwise, it is for the jury to decide. In this case sixty-five days elapsed between the date notice of death was received and the date the autopsy was requested, and fifty-six days intervened between the time the insurer inquired into the facts surrounding the death of the insured and the date that leave to conduct an autopsy was demanded. There is no evidence to explain the delay. In these circumstances we cannot say, as a matter of law, that the request was made within a reasonable time. The issue was submitted to the jury, and its finding that the request was not made within a reasonable time must be upheld.

The remaining assignments of error have been examined, and are without merit. We find no reversible error in the record, and the judgment appealed from is

Affirmed.

SIBLEY, Circuit Judge (dissenting).

The certificate sued on states that it and the Constitution and By-Laws of the Order, with the application, constitute the contract. The Constitution, in the article fixing the indemnities to be paid, states that "In case of death said Supreme Executive Committee may make request to have the remains examined or an autopsy made * * *. In case of burial the Supreme Executive Committee shall have the right to have the remains disinterred for the purpose of examining the body or performing the autopsy * * *. Any

2 General Accident Fire & Life Assurance Corp. v. Savage, 8 Cir., 35 F.2d 587; Standard Accident Ins. Co. v. Rossi, 8 Cir., 35 F.2d 667; Clay v. Ætna Life Ins. Co., D.C., 53 F.2d 689; Maryland Casualty Co. v. Harris, 3 Cir., 60 F.2d 810; Ocean Accident & Guarantee Corp. v. Schachner, 7 Cir., 70 F.2d 28; Howes v. United States F. & G. Co., 9 Cir., 73 F.2d 611; McCulloch v. Mutual Life Ins. Co., 4 Cir., 109 F.2d 866; Couch's Cyclopedia of Ins. Law, Vol. 8, Sec. 1958,

and cases cited under note 19. It may be that the contracts in these cases did not provide for a forfeiture if an autopsy was denied, but that is immaterial, because the cases hold that the right to an autopsy is lost by an unreasonable delay; and if the right is lost it is immaterial what penalty otherwise might attach, or what remedy might be available to the insured if the right were still in existence. If the right is lost, of course no remedy remains.

failure or refusal on the part of the beneficiary * * * or on the part of the custodian of the remains of the deceased to give permission for any one or all of the above requests within five days from the date of such request or requests, shall be deemed a forfeiture of all benefits and any and all rights of action or claims for injury or death alleged to have been caused by the accident." The deceased was buried Nov. 2, 1940, but the insurer was not notified of the death till Nov. 6. Exhumation was requested by letter to the beneficiary, Mrs. Moore, on Jan. 8, following, and she on the advice of and through her counsel refused on the ground that an autopsy at such a late time was too distasteful to her feelings, and could not possibly disclose anything but bone structure, which would shed no light on the cause of death. It seems to me by the plain terms of the insurance contract she thereby forfeited her claim to the death benefit.

None of the cases specially cited in the majority opinion is like this one. In each the policy gave the insurer the right to have an autopsy but there was no agreement as to what the consequence of a refusal would be. This court in such a case, on full consideration, held that where there was no agreement for a forfeiture on refusal, only extreme circumstances could justify defeat of the insurance, and that ordinarily the right to have an autopsy ought to be enforced only by an application to the Court to order it—that is by a specific performance rather than by a forfeiture. Travellers Ins. Co. v. Welch, 5 Cir., 82 F.2d 799. If a fair opportunity is afforded to exercise the right before burial, I can see good reason to hold it waived by not asserting it before burial. I can also see good reason for holding it waived by waiting so long after burial that the truth could probably not be shown by an autopsy. I see no authority in judge or jury to put a time limit on the right otherwise.

In the present case Moore solemnly agreed with his fellow members of the Order that his beneficiary should accede to a request for autopsy, even after burial, and if she refused, should forfeit the death benefit. She made her choice. She cannot here assert a waiver by the Order in that it suffered the burial to proceed without requesting an autopsy, for the Order did not know of the burial until four days afterwards. The delay after burial occasioned no detriment, for disinterment after sixty days would be no more shocking to Mrs. Moore than it would have been after five days. The only escape I see for her is to prove that after sixty days the autopsy would show nothing. She offered no evidence about that, but in her letter of refusal admitted that "bone structure" would still be disclosed. That was quite important. The physician who attended Moore at death was of opinion that a heart and kidney disease which Moore had had for some years caused his death, and he so stated in his death certificate. A bone expert who X-rayed the cervical vertebrae after the automobile accident, but did not treat Moore for some weeks before death, thought the cracked vertebrae he found might have collapsed and caused blood effusions and nerve lesions which stopped the heart and caused the death. Another physician, who never saw the patient at all, on a hypothetical question suggested that the shock of the accident two months previous caused the death. If the diseases either caused or contributed to the death, there was no liability. If the broken vertebrae collapsed, the death was the result of the accident alone. An autopsy months after burial would disclose whether the vertebrae did collapse or not, as the expert witness testified, and as Mrs. Moore's letter of refusal admitted. The fact is crucial. I do not think she showed a sufficient reason for her refusal, and has relinquished her right to this death benefit.