## 15162. PUCKETT *v.* METROPOLITAN LIFE INSURANCE COMPANY.

Where a signed application for a policy of life insurance stipulated that "only the officers at the home office of the company in the city of New York have authority to determine whether or not a policy shall issue," and that "no statements, promises or information made or given by or to the person soliciting or taking" the application, or by or to any other person, should be binding on the company or in any manner affect its rights, unless reduced to writing and presented to the officers of the company at the home office, and where it was further declared and agreed in the application that the statements and answers made therein and the statements and answers to the medical examiner were correct and true, and should form the basis of the contract of insurance, if entered into, and the policy was subsequently issued in consideration thereof, the knowledge of the insurer's agent, who had authority only to solicit and write the application and to collect the premiums and sign the company's receipt therefor, and thereupon to make manual delivery of the policy, was not imputable to the insurer.

(*a*) It follows that the court did not in this case err in rejecting evidence offered by the plaintiff, to the effect that such agent, at the time of the application, had knowledge of the truth as to which the applicant made false and material misrepresentations in the application, the purpose of the evidence being to estop the insurer from defending the action upon the ground of such misrepresentations.

(*b*) The evidence demanded a finding in favor of such defense, and the court did not err in directing a verdict accordingly, nor in thereafter overruling the plaintiff's motion for a new trial.

DECIDED APRIL 25, 1924.

Action on insurance policy; from city court of Atlanta—Judge Reid.    October 6, 1923.

This was an action upon a life-insurance policy. The signed application therefor contained the following stipulations: "It is agreed that inasmuch as only the officers at the home office of the company in the city of New York have authority to determine whether or not a policy shall issue upon this application, and as they act on the written statements, answers and agreements herein made, no statements, promises or information made or given by or to the person soliciting or taking this application for a policy, or by or to any other person shall be binding on the company or in any manner affect its rights, unless such statements, promises or information be reduced to writing and presented to the officers of the company at the home office. And it is further declared and agreed that the foregoing statements and answers and also the statements and answers to the medical examiner are correct and wholly true, and that they shall form the basis of the contract of insurance if one be issued. It is further agreed that the company shall incur no liability under this application until it has been received, approved, and the policy issued and delivered and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the life proposed. I hereby declare that this application . . for an insurance on my life was signed by me, and that I renew and confirm my agreements therein as to the answers given to the medical examiner, and I hereby declare that said answers are correctly recorded hereon."

The policy subsequently issued as applied for recited that it was issued in consideration of the payment of the annual premiums and also in consideration of the application, a copy of which was attached to and made a part of the policy, and contained a further stipulation as follows: "No agent is authorized to waive forfeiture or to make, modify or discharge contracts, or to extend the time for paying a premium." Upon the back of the policy was a printed form of receipt which, when filled out and signed by the soliciting agent, who collected the first premium and delivered the policy, was as follows: "This receipt is not binding until the premium stipulated herein has actually been paid in cash, nor

until countersigned by an authorized representative of the company. If a check or draft·is given in payment or part payment this receipt shall be void and of no effect if said check or draft is not paid on presentation. This policy shall not take effect unless or until the full premium has been paid.

"Metropolitan Life Insurance Company acknowledges the receipt of $28.90, the first premium under this policy.

"Jas. S. Roberts, Secretary.

"Countersigned Sept. 17, 1920.

A. R. Wright, Supt.

(Signature) J. M. E., agt.

"Payments are invalid unless made in exchange for an official home office receipt signed by an executive officer (president, vice-president, secretary or actuary) of the company and properly countersigned. The company's agents have no authority to waive forfeiture, alter or amend the contract, to accept premiums in arrears or to extend due date of such premiums. . . "

The evidence showed that the company's agent, J. M. Ellis, had authority to solicit and write applications, to collect premiums and issue receipts therefor as above, and to deliver policies; and that A. R. Wright was "manager" of the company.

*Neufville & Neufville, Anderson & Roberts,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

BELL, J. (After stating the foregoing facts.) In view of the stipulations of the application and the recitals of the policy, the knowledge of the insurer's agent, who had no other authority than to solicit and write the application, to collect the premium and sign the company's receipt therefor, and thereupon to make manual delivery of the policy, was not imputable to the insurer, although, according to the stipulation in the policy and the receipt, the policy did not become effective until the premium was paid. This conclusion is not altered by the fact that the agent, in signing the receipt, attached the name of a superintendent or manager of the insurer, as per the agent. The case is controlled in principle by the decision of the Supreme Court in *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183). While it is true that in that case the agent's authority was restricted to soliciting the application and making only a "manual delivery of the policy," the fact that the agent in the present case had the

additional power to collect the first premium and to sign the receipt therefor as the company's "authorized agent" *for that purpose,* making the policy effective, does not render the principle of that case inapplicable. The agent in this case still did not come within the class of those stipulated in the application to be the only ones having authority to determine whether or not the policy should issue. He in no sense acted for the company *in making the contract,* as is generally true in case of fire-insurance agents. He exercised no discretionary authority as to whether the contract would be entered into, but his acts were purely ministerial. For this reason, if not for the further reason that the limitations upon the power of the agent in the two cases are different, this case does not fall within the rule laid down in *Johnson* v. *Ælna Insurance Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. Rep. 92), in which (see also *Supreme Lodge Knights of Pythias* v. *Few,* 138 *Ga.* 778 (1), 76 S. E. 91), the limitation upon the agent's authority was construed to refer to his power to make waivers subsequently to the issuance of the policy. Certain prior decisions by this court appear to have been superseded by the ruling of the Supreme Court in *New York Life Insurance Co.* v. *Patten,* supra, in which a question was propounded to the Supreme Court, probably for the purpose of determining the correctness of such prior decisions.

The evidence was undisputed that the applicant was suffering from tuberculosis at the time of his application, and had recently had hemorrhages, for which he was treated by a physician; also that not long before the application he had been under the care of another doctor in a hospital. Nevertheless he represented in his application that he had had no such symptom or treatment, and that he had never had any ailment requiring the services of a physician except an ingrowing toenail. He died from tuberculosis not long after the policy was issued.

The beneficiary in seeking to enforce the policy sought to estop the company from defending, as it did, upon the ground of false and material representations, by proof that the truth was made known to the insurer's agent at the time of and before the application. The court rejected the proffered evidence and thereupon directed a verdict in favor of the insurer. The motion of the

plaintiff for a new trial was thereafter overruled, and she excepted.

There was no error in any of the court's rulings. *Wilkins* v. *National Life &c. Ins. Co.*, 23 *Ga. App.* 191 (3) (97 S. E. 879); *Metropolitan Life Ins. Co.* v. *Shaw*, 30 *Ga. App.* 97 (117 S. E. 106), and cases cited.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*