18040.   JEFFERSON STANDARD LIFE INSURANCE
COMPANY *v.* HENDERSON.

In this suit upon a policy of insurance the evidence conclusively established the defense of material misrepresentation inducing the issuance of the policy. The verdict in favor of the plaintiff was therefore unauthorized, being contrary to the evidence and to law, and the court erred in not granting a new trial.

DECIDED JANUARY 17, 1928.   REHEARING DENIED FEBRUARY 18, 1928.

Complaint on life policy; from Hancock superior court—Judge Park.   February 23, 1927.

*Bryan & Middlebrooks, Allen & Pottle, John A. Dunaway,* for plaintiff in error.

*G. Lee Dickens, Sibley & Sibley,* contra.

BELL, J.   Mrs. James C. Henderson brought suit against Jefferson Standard Life Insurance Company on an insurance policy issued to Paul F. Henderson, in which she was named as beneficiary. The defendant pleaded that the policy was void, both because of fraud and because of material misrepresentations in the application. On the trial the jury returned a verdict in favor of the plaintiff. The defendant moved for a new trial, which was refused, and the movant excepted.

It is our opinion that the evidence demanded a verdict in favor of the defendant, and therefore that the court should have granted a new trial upon the general grounds of the motion. The application, which was signed by the insured, was attached to and made a part of the policy. It contained, among others, the question, "Have you been disabled or received medical or surgical attention within the past five years?" to which the insured answered, "No." It also contained questions as to whether the insured had suffered from any of named diseases; to which in each case the answer was in the negative. Finally was the ques-

---

Evidence, 22 C. J. p. 474, n. 59.

Insurance, 32 C. J. p. 1283, n. 93.

Life Insurance, 37 C. J. p. 464, n. 25; p. 637, n. 33; p. 647, n. 23; p. 656, n. 21.

New Trial, 29 Cyc. p. 818, n. 30; p. 820, n. 35.

tion, "Have you consulted a doctor for any cause not included in the above answers?", to which, as appears from the application, the insured was required to answer "Yes" or "No"; and if "Yes," to give the name of ailment, disease, or injury, the number of attacks, the date, the duration, the severity, the results, and if within five years, the name and address of every physician consulted. The insured answered the question, "Yes, 1 [attack], 1918, two weeks, mild, [result] good."

The application stipulated that every statement and representation made was material and true, and that the same was made to obtain insurance, and it was declared in the policy that the policy and the application constituted the entire contract between the parties and that "All statements made by the insured in the application in the absence of fraud shall be deemed representations and not warranties." The true meaning of the answer to the question last quoted was that the applicant had not consulted any physician in the last five years except in 1918, and then for influenza only. It was the equivalent of saying: "No, except for influenza in 1918." This was the construction placed upon the answer by the trial court, and we think it the proper one.

The insured died within two weeks from the date of the application and within one week from the issuance and delivery of the policy. It appears without dispute, from the evidence, that the insured had consulted several physicians for physical complaints during the five years preceding his application, and that he was treated by at least one of them, Dr. Anderson, of Milledgeville, for syphilis, not long prior to his application, certainly within the last year. The fact of such treatment by Dr. Anderson was shown not only by the testimony of this physician, who described the insured's condition and the character and method of the treatment administered, but also by the evidence of Mr. C. A. Giles, an attorney at law, who testified that he occupied an office adjacent to the office of the doctor, and that on one or more occasions the treatment had been administered in the witness's presence. Mr. Giles further testified that on one of the insured's visits to the office of the doctor he came into the office of the witness, and, while there, spoke to the witness of the treatment he had been receiving, exhibiting "sores on his hands, simple pimples," and "showing the

45

improvement that had been made since Dr. Anderson had been treating him."

There was a conflict between the testimony of Dr. Anderson and that of the plaintiff's husband, who testified in her behalf, but this conflict was in relation only to a certain visit made by her husband to the doctor's office and to certain statements which the doctor claims the husband then made to him. The matters about which the witnesses were thus at issue were not material and the doctor's testimony was not otherwise contradicted. Nor is there anything in the record to discredit or render issuable the testimony of Mr. Giles. The same is also true of the evidence of Dr. Binion, who testified that within the past three or four years the insured had consulted him professionally and that he had treated the insured for an iritis, which, the witness stated, "is in most instances caused from syphilis." Irrespective of other evidence, it is thus conclusive that the insured misrepresented that he had not received medical attention within the past five years and that he had not within the period consulted a doctor for any cause except for influenza in 1918.

It was not necessary that the defendant should show actual moral fraud on the part of the insured. Any material misrepresentation whereby the nature, extent, or character of the risk was changed avoided the policy, whether made in good faith or fraudulently.

Whether misrepresentations are material is ordinarily a question for the jury, but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury. Such is this case. It is really controlled by the decision in the recent case of *Sovereign Camp* v. *Parker, 36 Ga. App.* 695 (138 S. E. 86), and the authorities cited therein. The decision in *Interstate Life &c. Co.* v. *Bess, 35 Ga. App.* 723 (134 S. E. 804), is inapplicable, since in that case the suit was upon a policy to which the application was not attached, and in such a case, where the suit is not on a fraternal insurance certificate, or the like, material statements or misrepresentations made by way of application will not void the policy unless they be not only false but fraudulent. A different rule obtains, however, where the application is attached to and made a part of the policy. See *Empire Life Ins. Co.* v. *Jones,* 14

*Ga. App.* 647 (2) (82 S. E. 62); *Supreme Conclave* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940); *Life Ins. Co. of Va.* v. *Pate,* 23 *Ga. App.* 232 (3) (97 S. E. 874).

There is some suggestion in the record in regard to the character of the insured, and counsel for the defendant in error insisted in their brief that this evidence was sufficient to authorize a finding against the charge of misrepresentations. See *German-American Mut. Life Asso.* v. *Farley,* 102 *Ga.* 720 (5) (29 S. E. 615). Whatever might have been the effect of proper evidence of good character in this case, character evidence is limited to general character, and to the particular attribute of character involved in the case, and it is essential that the particular attribute be general in its existence and tend to manifest itself alike to all persons and in all circumstances. *Josey* v. *State,* 20 *Ga. App.* 85 (92 S. E. 763).

One witness testified: "As to his general attitude, he impressed me as a man who was frank, open, honest, and trustworthy." Another witness had found the insured "a nice, gentlemanly fellow of character sufficient for [witness and his wife] to associate with," and was impressed that he was "a trustworthy and honest young man." There may have been some other evidence of a similar import, but there was no such evidence of the good character of the insured as could have been considered by the jury as a rebuttal of the evidence of the false and material representations as introduced by the defendant.

Since we conclude that the verdict in favor of the plaintiff was unauthorized and should have been set aside upon the general grounds, it is unnecessary to pass upon the special grounds of the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*