21204, 21223. SOUTHERN SURETY COMPANY OF NEW YORK *v.* FORTSON; and *vice versa.*

DECIDED NOVEMBER 11, 1931. REHEARING DENIED DECEMBER 15, 1931.

*Earle Norman,* for plaintiff in error.

*B. W. Fortson,* contra.

BROYLES, C. J. This is a suit upon a policy of accident insurance.

■ Copies of the policy, and of the application therefor (signed by the plaintiff), were attached to the petition, and the petition as amended set out a cause of action and was not subject to any of the special grounds of the demurrer, and the court properly so ruled.

■ The answer to the question as to the correctness of the court's ruling upon the demurrer to the amended answer depends upon a consideration, and the proper construction, of the answer and the demurrer. Of course it is elementary law that when pleadings are attacked by demurrer, the truth of the allegations of fact set forth in the pleadings, and the truth of all other allegations supported by the facts stated in the pleadings, are admitted.

Upon the question now under consideration the following paragraphs of the amended answer are pertinent and material:

"16. For further plea and answer defendant says: that the policy of accident insurance was issued based upon a certain written application executed and delivered to defendant by plaintiff, and that a copy of said application for said insurance was attached to the policy of insurance delivered by defendant to plaintiff, all in compliance with section 2417 [2471] of the Civil Code of Georgia of 1910, and that under the law plaintiff can not claim under the contract of insurance without being held to knowledge of the statements in the application for said insurance, which forms a part of the contract of insurance as delivered and accepted by plaintiff and now sued upon.

"17. A copy of said application is hereto attached, marked Exhibit A, and made a part of this plea and answer.

"18. Question 9 of said application reads as follows: 'Does your income per month exceed the gross amount of single monthly indemnity under all policies carried and now applied for by you?' Plaintiff answered said question 'Yes.' At the time this question was answered plaintiff was carrying an accident-insurance policy with Maryland Casualty Company, which said policy of insurance provided for a weekly indemnity of $30.00. This would make a total of $120.00 per month under the policy carried with Maryland Casualty Company and $100.00 a month with the defendant company, which would make the gross amount of single monthly indemnity under all policies carried by plaintiff and now applied for by plaintiff $220.00, whereas at the time plaintiff was receiving a monthly income of only $150.00; which said representations were untrue, and they changed the nature and character of the risk assumed by the defendant; and by reason of said representations, which defendant alleges were false, said policy of insurance is null and void and plaintiff can not recover thereon.

"19. The application for said insurance company provides, just before the first question is asked, as follows: 'I hereby apply to the Southern Surety Company for a policy of insurance to be issued in pursuance of the following representation:' Question 17 of said application reads as follows: 'Do you understand and agree that as each and all of the above representations are made to induce the issuance of an insurance policy, should one or more of such representations, whether actually written hereon by you or not, prove to be false, all right to recovery of indemnity by yourself, your

beneficiary, heirs or assigns, under any policy issued upon this application, shall be voided and forfeited to the company if such false answer were made with actual intent to deceive, or materially affect the acceptance of the risk, or the hazard, assumed by the company; that the signing of this application does not effect an insurance contract, and that the insurance hereby applied for shall not be effective prior to the date and hour set forth in a policy actually issued by the company, such policy thereupon becoming effective if delivered to you while you are in good health and free from the effects of any injury, disease, or bodily infirmity; that no agent or solicitor of the company has authority to alter, amend or waive any policy provision or requirement.'

"20.  This was a material statement made in said application; said statement was untrue and the fact thereof was known to plaintiff at the time made; such statement was made with a view of procuring the insurance; the defendant had no knowledge of the falsity of the statement and defendant acted thereon to its injury, because if defendant had known that plaintiff's monthly income did not exceed the gross amount of single monthly indemnity under all policies carried by plaintiff at the time, and also all policies applied for at the time, defendant would not have issued the policy sued upon, and the very purpose of question 9 of the application was to obtain from plaintiff the amount of indemnity carried and applied for at the time; and had plaintiff answered said question correctly, no insurance would have been issued to plaintiff by defendant, and the statement of plaintiff in answering said question incorrectly perpetrated a fraud upon defendant, and said policy of insurance is null and void on account of the fraud perpetrated on defendant by plaintiff in answering said question 'Yes,' when it should have been answered 'No.'

"20-A.  Defendant does not and can not issue a policy of accident insurance where the income of the applicant per month [does not] exceed the gross amount of single monthly indemnity under all policies carried by applicant and applied for by applicant, this defendant only issuing policies of accident insurance where the written application shows that the income per month exceeds the gross amount of single monthly indemnity under all policies.  The basis upon which this defendant will issue a policy of accident insurance depends upon a correct answer of question 9 of the ap-

plication attached to the policy sued upon in this case. And if this application had been correctly answered, it would have shown that at the time the application was executed plaintiff had in force a policy with the Maryland Casualty Company carrying an indemnity of $30.00 per week, and the policy issued by defendant carried an indemnity of $100.00 a month, whereas at the time plaintiff was drawing a salary of $150.00 a month and had no other income except this salary. Defendant alleges that the basis of accident insurance depends upon the amount of the income of the applicant, and that defendant will in no event issue a policy of insurance where it is known that the indemnity thereunder amounts to more than eighty per cent of the income of the applicant. And had plaintiff made the correct answer to question 9, which was 'Yes,' no policy of insurance would have been issued.

"21. Said policy of insurance is null and void because it materially affected the acceptance of the risk and increased the hazard assumed by defendant by plaintiff answering said question 9 'Yes,' when it should have been answered 'No.'

"21-A. When plaintiff answered question 9 'Yes' instead of 'No,' defendant relied on said answer to said question and issued said policy, believing that plaintiff's income per month did exceed the gross amount of single monthly indemnity under all policies carried and applied for by plaintiff, when as a matter of fact plaintiff's income per month did not exceed the gross amount of single monthly indemnity under all policies carried and applied for by plaintiff, because at that time plaintiff had a policy of accident insurance with Maryland Casualty Company carrying an indemnity of $30.00 a week, and defendant's policy carried an indemnity of $100.00 per month, making approximately $220.00 a month indemnity; whereas plaintiff's monthly income was only $150.00 a month. Had these facts been known and had said question 9 been correctly answered, defendant would not have accepted the risk, and the incorrect answer to said question increased the hazard assumed by defendant as above set forth in detail.

"22. Question 10 of said application reads as follows: 'What accident or sickness insurance have you? (Give name of insurers and amounts of indemnity.)' Plaintiff answered this question 'None,' whereas at the time this answer was made plaintiff was carrying a policy of accident insurance in the Maryland Casualty

Company, which said policy of insurance provided for an indemnity of $30.00 per week in case of accident. The statement of plaintiff answering 'None' should have been answered by giving the name of the insurer and the amount of indemnity as required by question 10 of said application, and had plaintiff correctly answered said question, defendant would not have issued the policy of insurance, and the answering of said question perpetrated a fraud upon defendant and materially affected the acceptance of the risk, and increased the hazard assumed by defendant. 'Said answer by plaintiff to said question was made by plaintiff to induce the acceptance of the risk of defendant, was material thereto and materially affected the acceptance of the risk and hazard assumed by defendant, and said answer being untrue, said policy of insurance is null and void and plaintiff is not entitled to recover thereon. The application, just before the first question is set forth, states: 'I hereby apply to the Southern Surety Company for a policy of insurance to be issued in pursuance of the following representations': The policy itself, part 1, provides: 'In consideration of the agreement and representations contained in the application for this policy, a copy of which application is endorsed hereon and made a part hereof, and the payment of the premium of $          , the Southern Surety Company does hereby insure Benjamin W. Fortson Jr.,' etc. The application therefore shows that plaintiff represented to defendant that his income per month did exceed the gross amount of single monthly indemnity under all policies carried and now applied for by plaintiff, and, further, that at the time plaintiff executed this application he had no accident or sickness insurance with any other company; whereas at the time this application was executed plaintiff had an accident policy with Maryland Casualty Company carrying an indemnity of $30.00 per week, and the policy issued by defendant carried an indemnity of $100.00 a month, therefore making at the time an approximate monthly indemnity of $220.00, whereas plaintiff's income at the time was only $150.00, and this defendant does not and can not write a policy of accident insurance where all indemnity carried by applicant in this company and all other companies amounts to more than eighty per cent. of applicant's monthly income. Therefore, the answers to question 9 and 10 of the application were not only untrue, but they materially affected the acceptance of the risk,

334

or the hazard, assumed by the company, and had these facts been known to defendant no policy of insurance would have been issued to plaintiff. And by reason of said false representations said policy of insurance is null and void and plaintiff can not recover thereon."

The demurrer to the original answer was as follows:

"1. Plaintiff demurs to the special plea and answer of said defendant set up in paragraph 16 to 22, inclusive, of the answer, and moves to strike the same, on the following grounds:

(1) Because the same sets forth no valid defense to the cause of action set out in the petition.

(2) Because it affirmatively appears from the answer that the affirmative defense set up in said paragraph is not available to the defendant.

(3) Because it affirmatively appears from the answer that in accepting said application and issuing said policy the defendant waived the conditions contained in the alleged agreement set out in paragraph 19 of said answer as a consideration and inducement for said contract of insurance, and is estopped from pleading a breach of said alleged agreement because of the falsity of any answers to questions contained in defense to an action on said contract of insurance.

(4) Because the defenses set up in said paragraph of said answer are based on mere conclusions of the pleader without sufficient facts being pleaded to sustain said conclusions.

(5) Because the allegations of fraud in the procurement of the policy are too general, vague, and indefinite to constitute a valid defense on that ground, and amount to a mere conclusion of the pleader, unsupported by sufficient pleaded facts to sustain the same.

(6) Because it affirmatively appears from the answer that the defendant is estopped from pleading fraud in the procurement of the policy, based on false answers to the questions set forth in said plea and answer, as therein alleged.

2. Plaintiff demurs to paragraph 16 of said plea and answer, and moves to strike the same, because said paragraph does not within itself, nor in any connection with any other allegation of said plea and answer set up a valid defense to plaintiff's cause of action.

3. Plaintiff demurs to paragraph 18 of said plea and answer, and moves to strike the same, because said paragraph does not

within itself, nor in connection with any other allegations of said plea and answer, set up a valid defense to plaintiff's cause of action.

4. Plaintiff demurs to paragraph 19 of said plea and answer, and moves to strike the same, because said paragraph does not within itself, nor in connection with any other allegations of said plea and answer, set up a valid defense to plaintiff's cause of action.

5. Plaintiff demurs to paragraph 20 of said plea and answer, and moves to strike the same, because said paragraph does not within itself, nor in connection with any other allegations of said plea and answer, set up a valid defense to plaintiff's cause of action.

6. Plaintiff further demurs to said paragraph 20, and especially to the allegation therein that 'the defendant acted thereon to its injury,' because said allegation is a mere conclusion of the pleader, without any pleaded facts in said paragraph, or elsewhere in said answer, upon which to base the same, and it is too general, vague, and indefinite to put plaintiff on notice as to how, why, and in what way 'defendant acted thereon to its injury,' and how, why, and in what way defendant was injured by 'acting thereon.'

Plaintiff also demurs especially to the allegation therein that 'because if defendant had known that plaintiff's monthly income did not exceed the gross amount of single monthly indemnity under all policies carried by plaintiff at the time, and also all policies applied for at the time, defendant would not have issued the policy sued on,' because the same is a mere conclusion of the pleader, without any facts alleged in said paragraph, or elsewhere in said answer, upon which to base the same, also because the same is a mere self-serving declaration of the defendant, without any facts pleaded in said paragraph or elsewhere in said answer, to sustain said allegation; also because there is nothing contained in the contract of insurance sued on to justify such a conclusion and claim of the defendant, also because the same is too general, vague, and indefinite to put plaintiff on notice why the defendant would not have issued the policy.

Plaintiff demurs especially to the allegation therein that 'had plaintiff answered said question correctly, no insurance would have been issued to plaintiff by defendant,' because the same is a mere conclusion of the pleader, without any facts alleged in said paragraph, or elsewhere in said answer, upon which to base the same;

is a mere self-serving declaration of the defendant, and is too general, vague, and indefinite to put plaintiff on notice as to why the defendant would not have issued the policy.

Plaintiff also demurs especially to the allegation therein that 'the statement of plaintiff in answering said question incorrectly perpetrated a fraud upon defendant,' because the same is a mere conclusion of the pleader, without any facts being alleged in said paragraph, or elsewhere in said answer, upon which to base the same, and is too general, vague, and indefinite to put plaintiff on notice as to how, why, and in what way the answering of said question incorrectly perpetrated a fraud on defendant.

Plaintiff also demurs especially to the allegation that 'the statement of plaintiff in answering said question incorrectly perpetrated a fraud upon defendant,' and said policy of insurance is null and void on account of the fraud perpetrated on defendant by plaintiff in answering said question 'Yes' when it should have been answered 'No,' because the same is a mere conclusion of the pleader, without any facts being alleged in said paragraph, or elsewhere in said answer, upon which to base the same.

7. Plaintiff demurs to paragraph 21 of said plea and answer, and moves to strike the same, on the ground that the same is a mere conclusion of the pleader, without any sufficient facts being alleged in said paragraph, or elsewhere in said answer, to sustain the same, and because the same is too general, vague, and indefinite to put the plaintiff on notice as to how or in what way said answer materially affected the acceptance of the risk and increased the hazard assumed by the defendant.

8. Plaintiff demurs to paragraph 22 of said plea and answer, because said paragraph does not within itself, nor in any connection with any other allegations of said plea and answer, set up a valid defense to plaintiff's cause of action.

9. Plaintiff also demurs to said paragraph 22 on the ground that the same is a mere conclusion of the pleader, without sufficient facts being pleaded in said paragraph, or elsewhere in said answer, to sustain said conclusion.

Plaintiff also demurs especially to the allegation therein that 'had plaintiff correctly answered said question defendant would not have issued the policy of insurance,' because the same is a mere conclusion of the pleader, without sufficient facts being alleged to support

the same; also because the same is a self-serving declaration of the defendant; and also because the same is too general, vague, and indefinite to put plaintiff on notice as to why the policy would not have been issued had the question been answered correctly, and how and in what way the answer to the question related to or determined the issuance of the policy.

Plaintiff also demurs especially to the allegation therein that 'the answering of said question perpetrated a fraud upon defendant and materially affected the acceptance of the risk and increased the hazard assumed by the defendant,' on the ground that the same is a mere conclusion of the pleader, without sufficient facts alleged upon which to base the same, and it is too general, vague, and indefinite to put plaintiff on notice as to how, why, and in what way 'the answering of said question perpetrated a fraud upon defendant,' and how, why, and in what way the acceptance of the risk was materially affected, and the hazard assumed by the defendant increased.

Plaintiff also demurs especially to the allegation therein that 'said answer by plaintiff to said question was material thereto and materially affected the acceptance of the risk and hazard assumed by defendant, and, said answer being untrue, said policy of insurance is null and void, and plaintiff is not entitled to recover thereon,' because the same is a mere conclusion of the pleader without sufficient pleaded facts to support the same, is too general, vague, and indefinite, not showing why, how, and wherein said answer was material, and materially affected the acceptance of the risk and hazard assumed by defendant, and is wholly insufficient to justify the conclusion assumed by defendant therefrom that the policy is null and void and the plaintiff is not entitled to recover thereon."

The court's rulings upon the demurrer were: "The grounds of demurrer stated in subparagraphs (1), (2), (4), (5) and (6) of paragraph 1 of the demurrer are hereby overruled, and the ground in subparagraph (3) thereof is hereby sustained; grounds numbers 2 and 3 of the demurrer are hereby overruled; ground number 4 thereof is sustained; ground number 5 thereof is overruled; grounds numbers 6 and 7 thereof are sustained; ground number 8 and the first paragraph of ground number 9 thereof are overruled; the other three paragraphs of ground number 9 are sustained. De-

fendant is hereby given the right to amend his answer to meet special demurrers in ten days from date of this order."

The plaintiff renewed his demurrer, both general and special, to the original answer and to the amended answer, and also filed the following additional demurrer to the petition as amended: .

"1. Because the special plea and affirmative defense set up in paragraphs 16 to 22, inclusive, as amended, sets forth no valid defense to the contract of insurance sued on.

"2. Demurs especially to paragraph 20-A of said answer as amended, and moves to strike the same, because the same is a mere conclusion of the pleader, and undertakes to set up a mere self-serving declaration of the defendant in defense to the action on the contract of insurance, without sufficient facts alleged in said paragraph, or elsewhere in said answer, to sustain the same, nor is there any provision in said contract of insurance, which by its express terms constitutes the entire contract between the plaintiff and the defendant, to support the conclusions and self-serving declarations pleaded in defense to the action thereon, but by the express provisions of said contract the defendant is estopped from setting up matters dehors the contract in defense to an action thereon.

"3. Demurs especially to paragraph 21-A of said answer as amended, because the same pleads a mere conclusion of the pleader in defense to the action, without sufficient facts alleged in said paragraph, or elsewhere in said answer, to support the same.

"4. Demurs especially to paragraph 22 of said answer as amended, because the same pleads a mere conclusion of the pleader in defense to the action, without sufficient facts alleged in said paragraph, or elsewhere in said answer, to sustain the same, [and] undertakes to plead mere self-serving declarations of the defendant as to matters dehors the contract sued on in defense to the action thereon, contrary to the express terms and provisions of the contract itself, which by its express provisions contains the entire contract between the plaintiff and the defendant, and estops the defendant from pleading matters dehors the contract in defense to an action thereon."

The rulings upon this demurrer were:

"Ground number 1 of the within demurrer is hereby overruled. Grounds numbers 2 and 4 thereof, which are special demurrers to paragraph 20-A and paragraph 22 of the defendant's answer, are

hereby sustained. Ground number 3 thereof, which is a special demurrer to paragraph 21-A of defendant's answer, is hereby over-ruled. It is further ordered, however, that defendant be, and it is hereby, given ten days from the date of this order in which to file an amendment to its answer to meet said special demurrers."

The defendant declined to file any further amendment to its answer, and in due time excepted to the order requiring such an amendment. And the plaintiff excepted to the judgment overruling the several grounds (as heretofore stated) of the demurrer, and in a cross-bill of exceptions assigned error upon that judgment.

As we view the case, the following code sections and decisions and rulings are controlling upon the issues involved: "Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant. Any variation by which the nature, or extent, or character of the risk is changed will void the policy." Civil Code (1910), § 2479. "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representations of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." Civil Code (1910), § 2480. "Wilful misrepresentation by the assured, or his agent, as to the interest of the assured, or as to other insurance, or as to any other material inquiry made, will void the policy." Civil Code (1910), § 2483.

Where, in conformity with the requirements of section 2471 of the Civil Code of 1910, an application for insurance is actually attached to the policy of insurance, and by the terms of the contract is made a part thereof, any misrepresentation of material facts, made by the agent of the insurer in the application, will be imputed to the insured, and he will not be allowed to claim under the contract without being held to have had knowledge of the false statements made in the application "actually attached to and forming an integral part of the contract as delivered, accepted and sued on." *Wilkins* v. *Nat. Life &c. Co.,* 23 *Ga. App.* 191 (2) (97 S. E. 879); *Metropolitan Life Ins. Co.* v. *James,* 37 *Ga. App.* 678 (141 S. E. 500); *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498). "Whether misrepresentations are material is

ordinarily a question for the jury, but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury." *Jefferson Standard Life Ins. Co.* v. *Henderson,* supra (p. 706); *Sovereign Camp &c.* v. *Parker,* 36 *Ga. App.* 695 (138 S. E. 86). In the instant case the pleadings show the following controlling facts: The plaintiff signed a written application to the defendant company for a policy of accident insurance. Question 9 of the application was: "Does your income per week exceed the gross amount of single weekly indemnity under all policies carried and now applied for by you." The answer to this question as written in the application was "Yes." Question 10 of the application was: "What accident or sickness insurance have you? (Give names of insurers and amounts of indemnity)." The answer as written in the application was "None." The last question (No. 17) has been heretofore set forth, and was not answered, the blank space for an answer remaining blank. At the time of the signing of the application by the plaintiff he had a policy of accident insurance issued by another company, providing for a weekly indemnity of $30, and the policy of insurance applied for provided for a monthly indemnity of $100, the total amount of indemnity provided for in the two policies being approximately $220 a month. When the application was signed the plaintiff was employed by the Washington Loan & Banking Company as an assistant cashier at a salary of $150 a month, and had no other income. These facts clearly show that the answers to questions 9 and 10 of the application were untrue. The defendant company in its answer set up as a defense to the action those false representations made in the application; that the representations were both false and material, and that, therefore, the policy of insurance sued upon was null and void and the plaintiff was not entitled to recover. A copy of the application was attached to the policy of insurance delivered to the plaintiff. In our opinion it is manifest that if questions 9 and 10 of the application had been correctly answered, the application would have been rejected and no policy of insurance would have been issued.

As to the failure to insert in the application any answer to question 17, it is obvious from the facts of the case, as stated in the pleadings, and especially from the answers to questions 9 and 10,

that such failure was a mere omission due to inadvertence only, and that but for such inadvertence an affirmative answer would have been given. It is ruled, therefore, that question 17 of the application should be treated as having been answered in the affirmative. It is further held that in the light of all the facts of the case as set forth in the pleadings and the exhibits attached thereto it appears prima facie that the false answers to questions 9 and 10 of the application were made with the "actual intent to deceive or to materially affect the acceptance of the risk, or the hazard assumed" by the defendant company.

Under the foregoing rulings the amended answer set forth a good defense to the suit, and was not subject to any ground of the demurrer interposed thereto. It follows that the judgment overruling certain grounds of the demurrer was not error, and that the judgment sustaining certain other grounds of the demurrer was error. And that error rendered the further proceedings in the case nugatory.

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Luke and Bloodworth, JJ., concur.*

### ON MOTION FOR REHEARING.

Upon a consideration of the motion for a rehearing, the quoted ruling from 1 Corpus Juris, 419, § 50, set forth in the opinion of this court as originally written, is adjudged to be not applicable to the facts of the case as made by the pleadings; and that portion of the opinion is stricken. In our judgment the other grounds of the motion for a rehearing are without merit.

*Rehearing denied. Luke, J., concurs. Bloodworth, J., absent.*