46258. ALL AMERICAN LIFE & CASUALTY COMPANY v. SAUNDERS.

ARGUED JUNE 2, 1971—DECIDED NOVEMBER 16, 1971.

*Whelchel & Whelchel, James C. Whelchel,* for appellant.
*Billy G. Fallin,* for appellee.

QUILLIAN, Judge. "In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application, the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk and this is true although the applicant may have made the representation in good faith, not knowing that it was

untrue. *Preston v. Nat. Life &c. Ins. Co.,* 196 Ga. 217, 229 (26 SE2d 439, 148 ALR 897); *General Assurance Corp. v. Roberts,* 92 Ga. App. 834, 837 (90 SE2d 70)." *Gilham v. National Life &c. Ins. Co.,* 104 Ga. App. 459, 460 (122 SE2d 164). See *Mutual Benefit Health &c. Assn. v. Bell,* 49 Ga. App. 640 (176 SE 124). "An applicant is prima facie charged with knowledge of the contents of an application signed by him, but this may be rebutted. If one in fact makes truthful answers to an agent who nevertheless mistakenly or fraudently records them otherwise on the application, and the applicant is for some reason prevented from ascertaining the discrepancy and signs the application, the company will be estopped from avoiding liability for misrepresentation. *Stillson v. Prudential Ins. Co. of America,* 202 Ga. 79 (43 SE2d 121)." *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389 (2) (160 SE2d 612). However, there was no evidence to indicate that such was the case here. The plaintiff testified that he could read and there was no evidence that he was prevented from reading the application, therefore he was bound by the statements made in the application. *State Farm Mut. Auto. Ins. Co. v. Anderson,* 107 Ga. App. 348 (1) (130 SE2d 144).

The plaintiff contends the reason he stated in the application that he had not received any medical treatment in the last 10 years was because the agent told him that chiropractors were not considered doctors. The application contained the following statement: "I declare that all statements and answers herein are complete and true to the best of my knowledge and belief and are made by me to obtain the insurance applied for, and I agree that (1) the company shall not be bound by any promise or statement made by any agent or other person, unless same be reduced to writing and approved by the company." Therefore, the company would not be bound by the agent's statement. See *Puckett v. Met. Life Ins. Co.,* 32 Ga. App. 263 (122 SE 791). In the application the plaintiff stated that he had never applied for or received a pension disability payment. However, the evidence is undisputed that he had received disa-

bility payments from three different insurance companies prior to the time he made the application for the sickness and accident policy. While ordinarily whether misrepresentations are material is a question for the jury, where the evidence excludes every other reasonable inference except that they were material, no issue is presented on that point for the jury to determine. See *Jefferson Standard Life Ins. Co. v. Henderson,* 37 Ga. App. 704, 706 (141 SE 498); *Southern Surety Co. v. Fortson,* 44 Ga. App. 329, 339 (161 SE 679). The materiality of the misrepresentations cannot be doubted and, as a matter of law, such statements influence the actions of a prudent insurer. See *Sovereign Camp WOW v. Parker,* 36 Ga. App. 695, 696 (138 SE 86).

The trial judge erred in failing to grant the defendant's motion for a directed verdict.

2. In view of the ruling made in Division 1 of the opinion the remaining enumerations of error are not passed upon.

*Reversed with direction that a judgment be entered for the defendant. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt and Pannell, JJ., concur. Deen and Evans, JJ., dissent. Whitman, J., not participating.*

DEEN, Judge, dissenting. *Code Ann.* § 56-2409 of the Insurance Code adopted in 1960 (Ga. L. 1960, p. 289 et seq.) provides that misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless fraudulent, *or* material to the acceptance of the risk or the hazard assumed, *or* the insurer would not have issued the policy at the premium rate applied for if the true facts had been known to it. Thus, I cannot concur with Judge Evans' dissent because I do not believe there was any burden on the insurer, if it proved by uncontradicted evidence that there was a misrepresentation material to the risk, to go further and offer evidence that it would not have issued the policy, at least at the premium rate specified, if it had known the true facts. Where, as here, the possible defenses are in the alternative, the insurer need prove only one of them.

However, to reverse this jury verdict in favor of the plaintiff and to direct that it be entered in favor of the defendant we must necessarily hold that there is *no* evidence, or inference, from which a jury question could be extrapolated. The majority opinion is based on plaintiff's evidence on the trial (a) that he did receive certain treatment from a chiropractor which is not listed in the application, and (b) he did receive certain disability payments which are not listed in the application. Were this all, I would willingly abide the majority opinion.

But in both instances there is uncontradicted evidence by the plaintiff which clearly disproves that these facts were misrepresented by him. As to the treatment by Dr. Smith the testimony is:

"Q. Did you to the best of knowledge tell [the insurance agent] exactly what Mr. Whelchel has asked you about, that you had been to Dr. Smith for these other injuries? A. Yes, sir. Q. And tell the court what his statement was to you? A. Well, he said they didn't go by chiropractor doctors, it has to be sort of a physical doctor, in other words; that insurance companies would pay on what chiropractors said, but they wouldn't go by chiropractors for an examination."

On the question of whether the plaintiff misrepresented previous disability claims the testimony is as follows:

"Q. Did you also tell [the agent] at the time that you had filed or had made some applications for other disability? A. Yes, I sure did. I told him everything that had ever happened to me that I knowed of, cause I didn't have nothing to hold back, wasn't out for insurance at all cause he come to me wanting it, to sell me insurance. Q. Did you tell Mr. Beegle [the agent] everything that you told Mr. Whelchel [the examining attorney]? A. Yes, sir, everything I told him, I told him."

It is also uncontradicted that plaintiff orally answered the application questions read by the soliciting agent and that the agent wrote them on the form with the statements set out above, and that the plaintiff then signed the form. I agree that in view of the plaintiff's testimony on the trial

the answers on the application constitute misrepresentations, but the uncontradicted testimony is that they were misrepresentations of the agent, not the applicant. I grant that if the limitation on the authority of the agent appeared on the application here as it does on the application in *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 623 (174 SE2d 570), the fact that plaintiff, who was able to read and was not prevented from reading, could not raise the question. That case contained a specific agreement between the parties that the agent had no authority to waive the answer to any question, or to waive any condition applicable to any insurance coverage, or to waive any of the company's rights or requirements in relation thereto, which language should have put the applicant on notice that he could not rely on the agent in any way, shape, or fashion. The application here says only: "I agree that the company shall not be bound by any promise or statement made by any agent." Since the language of this application does not include a waiver or exception to the general rule that knowledge of the agent within the scope of his business is knowledge of the principal, we must assume that when the agent knew, but deemed fit not to write on the application, the facts that the plaintiff had been to a chiropractor and that he had made previous disability claims, this knowledge became the knowledge of the insurance company. If, with that knowledge imputed to it, it issued the policy, then it cannot claim that the misrepresentation, by whomever made, was *material* to the risk or to the hazard assumed. If the misrepresentation was not material, the insurer is not entitled to void the policy on this ground. *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2) (174 SE2d 591). As Judge Evans pointed out, it cannot void it for the third reason stated in *Code Ann.* § 56-2409 because the defendant offered no testimony which indicated it would have refused or re-rated the risk if it had considered these facts. It cannot void the contract for fraud, among other reasons, because it cannot contend it relied upon the misrepresentations in issuing the policy. Under these facts, while a

jury might have disbelieved the plaintiff's testimony and rendered a verdict in the opposite direction, it did not, and this court cannot, do so.

EVANS, Judge, dissenting. Plaintiff obtained a verdict in the court below, but the majority reverses with direction that a judgment be entered for the defendant. This holding is based upon plaintiff's misrepresentations to the insurance company respecting the condition of his health and hospitalizations. The majority holds that "the insurer need only show the representation was false and that it was material in that it changed the nature, extent or character of the risk."

The insurer, in order to avoid the policy, must not only show that the representation was false and that it was material and changed the nature of the risk, but it must go a step further and show that *it relied upon the representations in issuing the policy.* The defendant filed an affirmative defense, as follows: "The misrepresentation of plaintiff in the application for insurance was material to the acceptance of the risk and the hazard assumed by the defendant. *The defendant in good faith would not have issued the policy, or, had it issued it, it would not have issued it at the premium rate as applied for, or would not have provided coverage with respect to any previous condition or aggravation thereof, had the true facts been known to it."* (Emphasis supplied).

As to the foregoing defense, the burden was upon the defendant to sustain same by evidence, in order to rebut plaintiff's case. And, having failed to deny that paragraph of plaintiff's complaint alleging defendant was indebted to plaintiff in the principal amount of $2,200 the only defense defendant had in this case was the above affirmative defense.

In *Davison Chemical Corp. v. Hart,* 68 Ga. App. 413, 416 (23 SE2d 107), we find the following: "The plaintiff is relieved of this burden of proof when the defendant admits the plaintiff's right to recover under the plaintiff's allegations *or sets up an affirmative defense which would defeat the right to recover."*

In the case sub judice, the defendant had the right to rely on its affirmative defense, which in effect, contended there was no liability by it to plaintiff. However, it had the burden of proving its affirmative defense, including its assertions that: (a) The alleged misrepresentations were material to the acceptance of the risk; (b) It would not have issued the policy, or only for an increased premium rate, had the true facts been known; and (c) It would not have provided coverage with respect to any previous condition or aggravation thereof had the true facts been known to it. The defendant completely failed to offer proof in support of any of the foregoing portions of his affirmative defense, and in fact, the only evidence offered by it was the testimony of Dr. William Smith, a chiropractor, who testified with reference to treatments he had given plaintiff for various ailments. The defendant offered no evidence of any kind to show that *the alleged misrepresentations were material to the acceptance of the risk;* nor did it offer any proof to show *that it would not have issued the policy, or would have issued it at an increased premium rate; or that it would not have provided coverage with respect to any previous condition or aggravation thereof had the true facts been known to it. It did not even offer any evidence to prove the true facts were not known to the insurer at the time of issuing the policy.* The defendant simply failed to sustain its affirmative defense, and yet the majority opinion is predicated upon the theory that it has done so.

As to the law applicable to such defense, this court in *Lawler v. Life Ins. Co. of Ga.,* 91 Ga. App. 443, 445 (85 SE2d 814) held: "We now hold that the trial judge erred in directing a verdict for the insurance company because there was no evidence whatever to the effect that the insurance company *relied on the fraudulent misrepresentations in reinstating the policy of insurance.* There is no presumption and no required inference that the company *relied on the misrepresentations contained in the application* for reinstatement made by the insured from the mere fact that the application was filed and the policy reinstated. The company may

have known the truth about the insured from some other investigation, doctor's examination, etc. 'A misrepresentation not acted on is not ground for annulling a contract.' *Code* § 96-202. The law on this subject is so well settled as not to require citation of additional authority.

"The court erred in directing a verdict for the defendant." (Emphasis supplied).

In *Vaughn v. Nat. Life &c. Ins. Co.,* 189 Ga. 121 (1) (5 SE2d 238) the Supreme Court of Georgia held: "To void a policy of life insurance upon the ground that the insured made false representations in the application therefor, the insurer must in every case prove that the representations were both untrue and were material to the risk. Falsity of such representations, standing alone, will not render the policy void."

In *Life & Cas. Ins. Co. v. Burkett,* 38 Ga. App. 328 (4) (144 SE 29), it is held: "Under the facts of this case, the materiality of the alleged false representations made by the insured as to applications for other insurance, and as to his health and the attendance of doctors upon him, was a jury question; and, the jury having found for the insured, this court cannot reverse the judgment upon the general grounds of the motion for a new trial."

In *Peninsular Life Ins. Co. v. Screen,* 100 Ga. App. 670 (3) (112 SE2d 174), this court held: "In *Lawler v. Life Ins. Co.,* 91 Ga. App. 443 (85 SE2d 814) it was held that the trial court erred in directing a verdict for the insurance company where one of the elements of actual fraud, i.e., reliance by the defendant on the false statements, was not proved. The same is true in this case. The stipulation of facts sets out that the insurance policy was issued 'pursuant' to the application but does not state, nor is there elsewhere in the record any proof *that it was issued in reliance on the false statements therein contained* to the effect that the plaintiff had not, for a period of five years prior to making the application, been attended by a physician. This being the case a verdict in favor of the defendant was not demanded by the evidence, and the trial court properly de-

nied the motion for a judgment notwithstanding the verdict." (Emphasis supplied).

In *State Farm Mut. Auto. Ins. Co. v. Wendler,* 120 Ga. App. 839, 841 (172 SE2d 360), it is held: "One of the prerequisites of fraud as often listed by cited authority is: that the injured party must have relied on the fraudulent statement. *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587, 591 (83 SE2d 580); *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 847 (125 SE2d 717); *Dickey & Co. v. Leonard,* 77 Ga. 151."

I would affirm the lower court, and I therefore dissent.