### 54331. BOURNE v. BALBOA INSURANCE COMPANY et al.

BIRDSONG, Judge.

Appellant, Bourne, appeals from the grant of summary judgment in favor of the appellee, Balboa Insurance Co., following a suit filed by the insured appellant upon an insurance policy issued by the appellee to Bourne. The sole enumeration of error deals with the propriety of the grant of summary judgment.

The facts reflect that Bourne owned a motorcycle and made application for a policy of insurance with Balboa. Bourne maintains that when he made application, he was asked no questions about his driving record and signed the application in blank. The application for insurance, in the space asking if Bourne had ever had his license suspended or if he had suffered a moving traffic violation in the past two years, reflected a "no" answer. In fact, pertinent records reflect, and Bourne admitted that several months before the issuance of the policy, he was convicted of driving under the influence and that his license had been temporarily suspended. After issuance of

the policy, Bourne's motorcycle was stolen. He filed a claim. During its investigation, Balboa discovered the conviction and suspension above mentioned. The appellee refused the claim, maintaining the policy was void ab initio, based upon a false and material misrepresentation in the application. The appellee tendered Bourne the premium and refused payment. Bourne contends that the blank was filled in by Balboa's agent and that the agent's false answer estops the appellee from denying the validity of the claim. He urges that whether there was a false representation by him or whether the representation was material is a matter for a jury and therefore grant of summary judgment was improper. *Held:*

We first observe that there is no allegation nor does the evidence indicate either that Bourne communicated true information to the agent or that the agent falsified information. The facts reflect that Bourne claims he gave no information on the subject of his driving record. Nor is there any contention that Bourne is unable to read or that the agent prevented Bourne from reading the application. One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice is chargeable with knowledge of its contents. *Musgrove v. Musgrove,* 213 Ga. 610, 612 (3) (100 SE2d 577) (1957); *Saddler v. Cotton States Life &c. Ins. Co.,* 101 Ga. App. 866 (115 SE2d 398) (1960). Though Bourne contends that he signed the application in blank, he is chargeable with knowledge that the application required a response as to whether he had received a moving traffic violation during the past two years or suffered a suspension of his license, as well as the knowledge that the correct response was in the affirmative.

In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application, the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. Ga. L. 1960, pp. 289, 660 (Code Ann. § 56-2409). This is true although the applicant may have acted in good faith, not knowing that a representation is untrue. *All American Life &c. Co. v. Saunders,* 125 Ga. App. 7, 10 (186

SE2d 328) (1971). A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance. *Lee v. Metropolitan Life Ins. Co.* 158 Ga. 517 (2) (123 SE 737) (1924); *Empire Life Ins. Co. v. Jones,* 14 Ga. App. 647 (2) (82 SE 62) (1914). Suspension of a drivers license is a matter that must be reported in response to a question on the application seeking such information. *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (1) (174 SE2d 591) (1972).

On the basis of the information submitted to the trial court, it was manifest that the negative answer in the application was chargeable to Bourne, that it was false, and that it pertained to a material matter. In its answer, the appellee insurer established that the insurance would not have been issued to one who had been convicted of driving under the influence and had suffered a license suspension. See *Bridges v. World Service Life Ins. Co.,* 134 Ga. App. 923 (216 SE2d 714) (1975).

While ordinarily the question as to the materiality of misrepresentations is for the jury, where the evidence excludes every other reasonable inference except that they were material, no issue is presented on that point for consideration. *All American Life &c. Co. v. Saunders,* supra; *Southern Surety Co. v. Fortson,* 44 Ga. App. 329, 339 (161 SE 679); *Jefferson Standard Life Ins. Co. v. Henderson,* 37 Ga. App. 704, 706 (141 SE 498); *Sovereign Camp WOW v. Parker,* 36 Ga. App. 695, 696 (138 SE 86). Under the circumstances of this case, the grant of summary judgment for the insurer did not constitute error.

*Judgment affirmed. Webb, J., concurs. Deen, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 6, 1977 — DECIDED OCTOBER 18, 1977 —
REHEARING DENIED NOVEMBER 18, 1977.

*Ben Swain McElmurray, Jr.,* for appellant.
*W. C. Brooks, Ronald Arthur Lowry,* for appellees.